No. 76.—F. CARTER and another, administrators, &c. plaintiffs in error, *vs.* MANSFIELD TORRANCE, administrator, &c. and ANN E. McDOUGALD, administratrix, &c.

[1.] Application to let in a party to defend, after an order has been entered, taking the bill *as confessed,* is to the grace and favor of the Court, and resting in its sound discretion; still it will not be refused, upon a proper excuse being rendered and cost paid, provided the delay has not been extravagantly long; and provided also, its allowance will not work a greater injury to the plaintiff, than its refusal would to the defendant.

[2.] Ordinarily, in *England,* a party, whether plaintiff or defendant, who had made default at the hearing, and who had thereby suffered his bill to be dismissed, or a decree to be made absolute against him, was relieved, upon the payment of costs.

[3.] After an order that a bill be taken *pro confesso,* merely putting in an answer is not sufficient to set aside the order.

In Equity, in Muscogee Superior Court. Tried before Judge IVERSON, May Term, 1852.

At November Term, 1848, of the Superior Court of Muscogee County, the " usual rule" to plead, answer and demur, was granted in this case. At May Term, 1849, Daniel McDougald not having complied with the order, complainant's counsel moved that the bill be taken *pro confesso,* as to him, which motion being refused by the Court, a writ of error was sued out, and at July Term, 1849, of the Supreme Court at Americus, the decision of the Court below was reversed. At November Term, of the Superior Court of Muscogee, the judgment of the Supreme Court was returned and made the judgment of the Court, and the bill taken *pro confesso.*

At the May Term, 1852, of the said Superior Court, Ann E. McDougald, administratrix, &c. of Daniel McDougald, filed her answer, offered to pay the cost, and go to trial at that term, and moved the Court to set aside said order, taking the bill *pro confesso,* which motion the Court granted, and this decision is assigned as error.

Carter and another *vs.* Torrance and another.

In her answer she farther stated that she would submit to any order that the Court might pass in reference to the trial, and would make her answer complete (if incomplete) immediately. She also stated that she believed Daniel McDougald would have answered the bill, had it not been from a misapprehension of the law on the part of himself and his counsel.

W. Dougherty, for plaintiff in error.

Benning, for defendant in error.

*By the Court.*—Lumpkin J. delivering the opinion.

The only question in this case is, was it error in the Court to allow the defendant, Mrs. McDougald, upon the showing made, to open the order taking the bill in this case *as confessed,* and to file her answer.

[1.] There is no general and positive rule upon this subject. Whether the Court will interfere to release a party from the consequences of his default, must depend upon sound discretion, arising out of the circumstances of the case.

In *Williams vs. Thompson,* (2 *Bro. Ch. Rep.* 279,) Lord *Thurlow* observed, that if a defendant comes in after a bill has been taken *pro confesso,* upon any reasonable ground of indulgence, and pays costs, the Court will attend to his application, if the delay has not been extravagantly long. If the indulgence has been great and frequent, there is danger of abuse of the precedent, for the purposes of delay.

In *Cunningham vs. Cunningham,* (*Ambler,* 89. *Dickens,* 145,) Lord *Hardwicke* said, it was a question on which side the greatest inconvenience would lie. And he finally opened the cause in that case, on payment of cost of the default, and of all subsequent proceedings, notwithstanding two years had elapsed after the decree had been made absolute, on account of the defendant's not appearing at the hearing.

[2.] Ordinarily, in England, a party, whether plaintiff or defendant, who had made default at the hearing, and who had

thereby suffered his bill to be dismissed, or a decree to be made absolute against him, was relieved upon the usual terms of payment of costs.    *Robson vs. Cramell, Dickens,* 61.    *Kemp vs. Squire, Dickens,* 131.    *Frey vs. Frosser, Dickens,* 298.    *Ferran vs. Waite, Dickens,* 782.

Test this case by these authorities, (and we see no objection to the doctrine, as laid down by Lords *Thurlow* and *Hardwicke*,) and we can have no doubt that the Judge was right in setting aside the interlocutory decree of *pro confesso,* and letting in the defendant to answer.

The bill was filed and made returnable, and served to November Term, 1848, at which the complainant obtained the usual rule, requiring the appearance of the defendants; and that they plead, answer, or demur, not demurring alone, at the next term of the Court, to wit, May, 1849.    Mansfield Torrance, administrator *de bonis non* of James C. Watson, deceased, answered the bill at that term ; and the complainant applied for an order, taking the bill *as confessed,* against Daniel McDougald, the intestate of Ann E. McDougald, there being no appearance as to him ; which motion the Court refused to grant, and on the contrary, passed an order rescinding the rule which had been entered for the appearance of the defendants, at the previous term. To this decision, the complainant excepted, and carried the case up to the Supreme Court at Americus, at the July Term, 1851, when the judgment of the Superior Court was reversed, which judgment of the Supreme Court was made the judgment of the Superior Court at the ensuing November Term, 1851 ; and in conformity thereto, an order *pro confesso* was entered against Daniel McDougald, at the May Term, 1852.    Daniel McDougald had died in the meantime, and Ann E. McDougald, his widow, having administered upon his estate, she filed her answer to the complainant's bill, and offered to pay all costs, and go to trial at that time, and moved the Court to set aside the order *pro confesso,* taken against her husband, to allow her to appear.

[3.] Now I admit, that the mere gratuitously putting in an answer, is not sufficient to overrule the order to take the bill

Carter and another *vs.* Torrance and another.

*pro confesso.* 2 *Smith's Ch. Pr.* (*Am. ed.*) 23, 25. 2 *Maddock's Ch. Pr.* (*4th Am. ed.*) 249. But it seems to me that the foregoing history of the case, as disclosed by the complainant himself, in his bill of exceptions, is sufficient to vacate the decree and let in the administratrix to defend.

But she makes this further special showing, in her sworn answer. She says that she has only been a party defendant to this bill, since some time during the last Term of this Court, when she was made a party defendant to the same, by *scire facias*, in the place of Daniel McDougald, deceased. She further says, that she has prepared her answer, and begs leave to file the same, and that said decree may be set aside ; that she endeavored to make her answer full, true, direct, and perfect, as she is required to do, and as she is advised by her counsel that it is ; but that if it is not, she will, without any delay or costs to the plaintiffs, supply the defect, as soon as it is pointed out to her; and she further says that she is willing to pay the costs already incurred - by the plaintiffs in this case, and also, to abide any order, which to the Chancellor may seem reasonable or proper, as to the time when she shall go to trial, if said order is set aside and she permitted to appear and defend the case.

She further says, that she is advised, and believes it to be true, that the failure of the said Daniel McDougald in his lifetime, to answer said bill at the time required by the order in said case, made at the November Term, 1848, commonly called the usual rule, was not owing to any feeling of contempt or disrespect to the Court, but solely to a mistake, as to his rights in Equity ; a mistake, which not only his counsel labored under, but the Judge of the Circuit Court presiding who decided that said rule should be set aside, and refused the application for a decree *pro confesso,* made at the same term ; and that it was not until these decisions were reversed by the Supreme Court, that the said Daniel and his counsel found out their mistake, and that before said judgment of reversal reached the Superior Court, Daniel McDougald died, and so the case has been in abeyance ever since, until she was made a party ; and that

this is the first opportunity which she has had to make the application which she now does.

I am willing to concede, that an application to let in the party to defend, after a decree has been regularly entered against him by default, is to the grace and favor of the Court, if you please. Had this *grace* been denied in the present instance, however, my judgment would have been for a *reversal*.