Frazier v. Bishop.

FRAZIER *et al.*, Respondents, v. BISHOP, Appellant.

1. Where it appeared that on the second day of the term of a court the defendant in a suit on a promissory note, in which no answer had yet been put in, was compelled to appear before the grand jury then in session, and was still before them when the court adjourned at a time early than usual, and was thus prevented from filing his answer before the adjournment of the court, and did afterwards file it with the clerk on the same day; *held,* that he was entitled to have a judgment by default rendered against him on the said second day of the term set aside. (R. C. 1855, p. 1235, § 24.)

*Appeal from Barton Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Bray*, for appellant.

I. The act of 1855 does not confine the time for filing pleadings to the hours the court is in session. (R. C. 1855, p. 1235, § 24, 26.) It is clearly in the power of the court to grant leave to file pleadings at a different time from that specified by the practice act. The court abused its discretionary power in refusing to permit defendant to file his answer.

*Johnson & Ballou*, for respondents.

I. There was no motion to set aside the judgment. (1 Mo. 110.) The defendant was guilty of negligence in not filing his answer on the second day. (10 Mo. 393; 6 Mo. 254; 8 Mo. 679; 21 Mo. 354; 7 Mo. 6; 13 Mo. 207.) He was bound to plead on or before the second day of the term. (R. C. 1855, p. 1235, § 24, 25, 26.) The answer discloses no sufficient defence. The affidavit should have stated the hour the court adjourned; the court may have known that it did not adjourn at an hour earlier than usual. The return term was the trial term.

NAPTON, Judge, delivered the opinion of the court.

This suit was upon two promissory notes, and the defendant having been personally served in due time, judgment was taken on the second day for want of answer; on the third day the defendant moved to set aside this judgment and for leave to file his answer, which was appended to the motion, upon grounds disclosed in an accompanying affidavit. The affidavit of defendant stated that his answer was drawn up and ready to be filed on the second day of the court, with the exception that it was not yet sworn to, and that he was compelled to appear before the grand jury on that day, and that the court adjourned at an earlier time than usual and

whilst he, the defendant, was still before the jury; that, as soon as he was discharged, he swore to his answer before the clerk and filed it, but the court had then adjourned. This motion was overruled and an exception taken, which presents the only point for our consideration.

We are unable to perceive any grounds upon which the court was authorized to refuse this application. The defendant, being a witness before the grand jury, could not have any means of knowing how long his attendance there might be required; and the unexpected adjournment of the court was calculated to take the defendant by surprise. It could be a matter of no sort of importance to the opposite party that the answer was filed an hour earlier or later; nor is it seen that the dispatch of business generally would be affected by allowing the answer to be filed. But we put the case entirely on the ground that the defendant was, at the time within which he was authorized to file his answer, otherwise employed in obedience to a mandate of the court or its officer, and that his rights ought not to be prejudiced thereby.

The other judges concurring, the judgment is reversed and case remanded.