BENJAMIN F. TIDWELL, APPELLANT, vs. ROBERT M. WITHERSPOON, APPELLEE.

1. That a paper purporting to be a copy of a summons served by the sheriff was not a true copy of the original on which a return of service was made, is not good ground of motion to dismiss the suit, but only to set aside the return of service, if the defect or variance is material.

2. A sheriff's return of due service of a summons in the manner pre-

Tidwell v. Witherspoon—Syllabus.

scribed by law is conclusive as to jurisdiction of parties, unless the same is impeached by satisfactory evidence.

3. Where an attorney appears " specially, not waiving the right to take advantage of errors and defects in the summons, or to move for a dismissal of the cause on account thereof," this is not a general appearance waiving the very defects indicated.

4. Where a clerk has entered defendant's appearance by an attorney, and the attorney testifies that he did not authorize such entry, which statement is not contradicted, the clerk's memorandum cannot bind the attorney or the party.

5. Where a default is entered for want of a plea, and there is sufficient cause shown for setting it aside and granting leave to plead, and an order is made to plead instanter, if the time allowed is not sufficient, application should be made to the court to enlarge the time. The judgment of the attorney that more time is necessary is no legal excuse for non-compliance with the order.

6. The neglect of an attorney to file a plea under a rule of court fixing the time of pleading, should not operate to the prejudice of the party on his application to set aside a second default, upon his tendering a good plea and an affidavit of merits with a sworn statement showing that he is without fault, especially where the neglect of the attorney was not such as to give a right of action against him for negligence.

7. The neglect of an attorney to prepare and file a plea, caused by his being summoned to a distant place on account of the serious illness of his wife, even though he might have made arrangements with another attorney to prepare it, or might have notified his client, yet did not do so because of his anxiety for his family, is not such neglect as should operate to the prejudice of his client.

8. While the granting or refusal of an application to open a default for not pleading is in the sound discretion of the court, yet this discretion is the subject of review on appeal.

9. The taking of original records or papers from the clerk's office by attorneys without leave of the court is reprehensible, and should not be permitted by the clerk.

Appeal from the Circuit Court for Madison county.
The facts of the case are stated in the opinion.

*J. N. Stripling* for Appellant.

*F. W. Pope* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

Witherspoon commenced suit against Tidwell for libel and slander; summons was issued June 25, 1880, and not served; an *alias* was issued July 20, returnable at August rule day, and served July 21; an entry was made July 29 by the clerk that the defendant appeared by E. M. Cheney, his attorney; July 31, Mr. Cheney entered his appearance in writing " specially, it being understood that defendant does not waive the right to take advantage of errors and defects in the summons issued in said cause and in the service thereof, or to move for a dismissal;" for these causes, September 6, default was entered for not pleading.

At October Term, 1880, Cheney, for defendant, made a motion to dismiss the suit on the ground that the copy of *alias* summons served was not a copy of the summons on which the sheriff had returned served. The copy read to the court was dated July 20, returnable at July rule day. Mr. Cheney also read his affidavit that he had not entered or authorized the entry of his appearance for defendant on July 29th, but had only appeared specially July 31 according to the written appearance on file, and did not know until after default was entered that the docket showed an entry of his general appearance. There was no question raised that the copy of the *alias* summons read was the copy served, except by the sheriff's return on the *alias* that he had served a copy thereof on defendant; but it was not proved that the copy presented was the paper served by the sheriff on the defendant. The court denied the motion to dismiss the suit on the 20th of October in term time, but opened the default and defendant· was allowed to plead, provided he plead instanter, upon payment of costs. De-

fendant not having filed a plea, a second judgment by default was entered by the clerk November 1, 1880.

December 20, 1880, defendant filed his petition to open the second default, stating on oath that he had employed Mr. Cheney as his attorney, and placed the matter of his defence in his hands; that Mr. Cheney returned to his home in Jacksonville, promising to prepare and send the plea by mail forthwith to be filed· under the order of the court; that not hearing from Mr. Cheney he wrote him several times inquiring the cause of the delay, at which delay he was surprised until he afterward learned that his said attorney had been summoned to go to New York by telegraph on account of the ·severe illness of his wife, of which facts he was not informed until the day of filing his petition; and that he had a just and valid defence to the action, and that the delay was not caused by his own neglect.

On the hearing of the petition to open the said second default the affidavit of Mr. Cheney was filed, stating that he took the papers in the case to Jacksonville for the purpose of preparing a plea forthwith, but soon after, on the 25th of October, and before he had completed drawing up the plea, he was summoned to New York on account of the dangerous sickness of his wife, and for that reason he at once left all his business and went to New York, and the plea had not been completed so as to be filed immediately as he had intended, and no other attorney in Jacksonville was informed of the said matters of defence, and he had no time to explain them to another attorney before his departure, and had hoped to return very soon, but had been unable to return until the 19th of December, when he found letters from Mr. Tidwell informing him of the default, &c. ; that the delay had been caused by circumstances beyond his own control and without intent to delay proceedings,

and that defendant was not responsible for it. Deponent further says that in his opinion defendant has a valid and sufficient defence on the merits. With this affidavit was tendered a plea alleging a former suit for the same cause of action, a trial, verdict and judgment for defendant thereon, and also plea of not guilty to the first two counts, duly sworn to by the defendant.

The plaintiff filed an affidavit of his attorney's giving a history of the cause and alleging delays by the defendant and his attorney, the defendant also being an attorney-at-law.

The court refused to open the second default and allow the defendant's plea, and an inquest and assessment of damages was had and judgment rendered in favor of the plaintiff and against defendant.

The appellant assigns for error the ruling of the court in refusing to dismiss the suit for irregularities in the service of summons, and in refusing to open the default and allow the defendant's plea to be filed.

There was no error in refusing to dismiss the suit on the ground of a mistake in the copy of summons delivered to defendant, the original being regular and the sheriff's return showing proper service. The appropriate motion was to set aside the service on showing a material mistake in the copy served. The plaintiff then could have his *pluries* writ.

The original with the return being regular the record showed jurisdiction of parties. If it had been shown to the satisfaction of the court that due service had not been made, the court would have set aside the return. We do not think the evidence offered was sufficient to impeach the return of due service. Nobody on oath identified the copy presented as the paper served by the sheriff, though its identity was not disputed.

As to the entry of Mr. Cheney's appearance for the defendant, it is shown by his affidavit, and not denied, that he had not entered or authorized the entry of his appearance on the 29th July. Having entered his appearance July 31, for the special purpose of objecting to defects in the process, he cannot be held to have waived such defects by this special appearance. Standley vs. Arnow, 13 Fla., 361. If the court treated this appearance as a general appearance it was error. Under the circumstances here disclosed it would have been the proper practice to open the first default and give the defendant time to prepare his pleas. The declaration as it then stood, the third count not having been struck out, showed the necessity of some time and skill to plead, assuming that the defendant had deferred the preparation of his plea on account of the supposed defects in the summons.

The taking of the original papers from Madison Clerk's office to Jacksonville was reprehensible. No attorney has any right to take original records and papers from the Clerk's office, and the Clerk has no right to permit it to be done, whatever the common practice may have been, unless by special order of the Judge.

The neglect to file a plea in due time was not attributable to any fault of the defendant. He employed an attorney, and expected, as the record shows, that his plea would be prepared and mailed to him immediately. He was not responsible for the absence of the papers from the courthouse, or for the delay in pleading, nor does it appear that he knew of the absence of the papers. Relying upon his attorney he was not necessarily guilty of negligence by reason of being himself an attorney. On the contrary he wrote repeatedly to his attorney to ascertain the cause of the delay in the preparation of his pleas, with the purpose of speedily complying with the order of the court. While

there may have been unnecessary delay in the preparation of the plea, the defendant should not be held to the penalty and disgrace of a conviction for slander and libel and damages for the default of his attorney, when his plea was tendered, duly sworn to, showing that the identical cause of action had been already tried between these parties, and verdict and judgment had been rendered in his favor. The affidavits of the attorney and of the defendant, and his sworn plea, were a sufficient affidavit of merits.

So far we have treated the attorney as entirely responsible for the delay, and we think he should have been more diligent in the preparation of the plea, knowing the terms of the order of the court. It was due to the court that if he wanted more time to prepare the plea he should have asked for it. And in the case of the necessity of his departure from the State he should have informed his client and the opposing counsel of that fact, but after he was informed, within three or four days after reaching home, of the dangerous illness of his wife, and feeling the necessity of his speedy departure to her bedside in a distant city, we cannot find cause for censuring any one for the ensuing delay, or for his obeying the instincts of humanity and duty.

We cannot find in this record evidence of gross negligence on the part of the defendant. Nor, under the circumstances disclosed in the record, can we conclude that the attorney would be liable to his client for culpable negligence.

Under the rule laid down in Waterson vs. Seat and Crawford, 10 Fla., 326, the court, in the exercise of a sound discretion, should have opened the second default and allowed the plea to be filed of record upon terms of payment of costs and submitting to a speedy trial.

While the granting or refusing of a motion to open a default is in the sound discretion of the court, yet this discretion is always subject to review, and in nearly every case

cited by counsel on both sides on appeal it was ruled that the judgment by default might be set aside and the defendants allowed to plead on proper terms. 29 Cal., 422; 1 Johns. Chy., 537; 29 Mo., 447; 17 Ala., 339; 1 Cowen, 42; 10 Fla., 326; 11 Mo., 438; 11 Ga., 654; 3 Johns., 141.

This cause is remanded, with directions that the defendant be allowed to plead on payment of the taxable costs which have accrued in the Circuit Court since the service and return of the summons, such payment of costs to be made to the Clerk of the Circuit Court within twenty days after notice of the taxation by the Judge of such costs, unless the defendant has already paid the same, and on such taxable costs being paid the Judge or court is authorized and required to vacate the final judgment and default, and allow the parties to file such pleadings or amended pleadings as they may be advised, and the cause will proceed according to the rules and practice of the court; but if such taxable costs shall not be paid, or have not already been paid by defendant, the said judgment will stand affirmed. The costs in this court will be taxed against the appellant.