McArthur vs. Slauson, Ex'x, etc.

McArthur vs. Slauson, Executrix, etc.

*March 21 — April 8, 1884.*

*Vacating judgment: unavoidable absence of attorney.*

The refusal of the trial court in this case to open a judgment obtained in the unavoidable absence of the defendant's attorney, for the purpose of allowing the defendant to defend, is *held* error.

APPEAL from the Circuit Court for *Racine* County.

For the appellant there was a brief by *Jenkins, Winkler & Smith,* and oral argument by *Chas. H. Van Alstine.*

For the respondent the cause was submitted on the brief of *Henry L. Buxton.*

LYON, J. This is an appeal from an order denying a motion to open a judgment for the plaintiff obtained in the absence of defendant's attorney, to enable the defendant to defend the action. The judgment was obtained October 25, 1883, and the motion was made at the same term.

The affidavits on which the motion was heard show that there had been considerable negotiation between the attorneys of the respective parties, all of whom resided in Milwaukee, with reference to the time the case should be tried, and they had extended professional courtesies to each other in that behalf. Each party had been ready for trial once or more during the term, but a trial had been prevented by the absence of the other party, or by the state of the business in court. Finally, on the suggestion of Mr. Jenkins, the attorney for the defendant, the case was set down for trial on October 25th. On that day Mr. Jenkins was engaged in the trial of a cause in the Milwaukee circuit court. This trial had been in progress several days; and unexpectedly was protracted beyond the 25th. He could not reasonably leave the case. Failing in an effort to have that trial postponed to the 26th, to enable him to go to Racine to attend the trial of this action, during the evening of the 24th he applied to the opposite counsel to postpone the trial of this action until the trial in Milwaukee should be concluded. Acting under peremptory orders from his client, such counsel refused to consent to any postponement. The result was that this action was undefended, and judgment went for the plaintiff without contest.

This case has been in this court on a former appeal (53 Wis., 41), and a judgment for the plaintiff was reversed. Since that time the original defendant, George W. Slauson, died, and the action has been revived against the executrix

of his last will. The attorney who put in the answer has removed to Dakota. The case is a sharply contested one, and, to say the least, the right of the plaintiff to recover is debatable. This appears by the opinion of the chief justice on the former appeal. It may fairly be inferred from the motion papers, although not directly averred, that the defense was mainly, if not exclusively, in charge of Mr. Jenkins, and, although he has able and competent partners, the defendant was entitled to any reasonable and proper indulgence to enable her to have her cause tried by him, rather than by one of his partners. Mr. Slauson, the original defendant, knew all about the case, and had he lived probably he could have aided counsel less conversant with the facts than was Mr. Jenkins, to try the case properly. But by his death the burden of the defense was cast upon his widow, who, presumably, could be of no service to her counsel. Hence it was the more important that the counsel best informed in the case should try it.

We find no evidence whatever of any bad faith or inexcusable laches on the part of Mr. Jenkins, and under all the circumstances we think the court should have opened the case, on just and reasonable terms, and permitted the defendant to defend the action. The refusal of the court to do so was error.

*By the Court.*— The order is reversed, and the cause will be remanded with directions to the circuit court to grant the motion on such terms as it shall deem just.