67 405
78 47

## SNELL v. THE IOWA HOMESTEAD CO.

1. **Judgment of Dismissal for want of Prosecution:** MOTION TO SET ASIDE: SICKNESS OF COUNSEL. The sickness of counsel is sometimes a sufficient excuse for want of action in a case; but not where such sickness has been so long protracted that the client should in diligence have employed other counsel to try the case, unless it is made to appear that other counsel could not conduct the case as well as the disabled attorney. In this view, the refusal of the trial court to sustain a motion to set aside the judgment of dismissal is not disturbed on appeal.

*Appeal from Buena Vista Circuit Court.*

WEDNESDAY, DECEMBER 9.

THIS is an action had in the court below to set aside a judgment. It was there overruled, and plaintiff appeals.

*Barcroft & Bowen*, for appellant.

*Hubbard, Clark & Dawley*, for appellee.

BECK, CH. J.—I. The cause in which the motion was filed had been tried, and a judgment rendered for plaintiff. Upon an appeal to this court the judgment was reversed in October, 1882. In December of the same year a petition for a rehearing was filed, which was overruled in June, 1883. In March, 1884, a *procedendo* was issued, and nine days thereafter the cause was dismissed, but the abstract fails to show the grounds of the dismissal. In September following, this motion was filed to set aside the judgment of dismissal. The motion is based upon the fact that, after the cause was appealed, plaintiff employed an attorney to conduct the suit, other than the one who had prosecuted it to judgment, who thereupon withdrew from the case; that the attorney last employed, after the petition for rehearing was overruled, became sick, and unable to attend to his professional duties, and so continued up to the filing of his motion. His sickness prevented his giving any attention to the case. It is not shown that plaintiff was uninformed of the sickness of his counsel, or that he took any steps whatever to secure proper attention to his case. It appears that for ten months the attorney was sick, but it is not shown that the case could not have been conducted as well by another.

II. We think the sickness of counsel is a sufficient excuse for want of action in a case, where it appears that such sickness has not been so long protracted that the client could not have employed another attorney to take charge of the cause without imperiling his interests. It is the duty of the client not to obstruct and delay the decision of the cause by failure to employ counsel to take the place of the attorney who becomes sick. Of course, we speak of a case such as the one before us, wherein it is not made to appear that another could not conduct the case as well as the disabled attorney.

It cannot be said in this case that the sick counsel was negligent; but plaintiff was, in not employing an attorney to take his place.

III. We regard this case in the foregoing consideration, as plaintiff's counsel do, as being an application by petition to set aside the judgment for unavoidable misfortune preventing plaintiff from prosecuting the case, which is authorized by Code, § 3154. It is doubtful, indeed, whether the proceedings can be regarded as a compliance with section 3155, in that it was in fact instituted by motion, and there was not what can be called a trial of the issues.

We regard, too, the decision of the court below as having been made upon the ground that plaintiff failed to show that he was not negligent. As the grounds of the decision are not shown, we are authorized to presume, as the record is silent upon that point, that it was made upon some ground sufficient to support it. But we waive these points, and decide the case upon the merits as they are presented by plaintiff's counsel. In our opinion, the judgment of the circuit court ought to be

AFFIRMED.