## CARROLL A. NYE *vs.* JAMES H. SWAN and another.

### December 26, 1889.

**Judgment—Presumption of Jurisdiction—Defective Judgment-Roll.**— The presumption of jurisdiction supporting the judgment of a court of general jurisdiction is not overcome merely by the absence from the judgment-roll of the evidence showing that jurisdiction had been acquired.

**Same—Service by Publication—Opening Default.**—Non-resident defendants, upon whom summons was served by publication, and who, having employed an attorney to defend, suffered default by reason of the sickness of the attorney, *held* not chargeable with laches, and entitled, as a matter of right, to be allowed to interpose their defence.

42   243
55   77

42   243
56   395

42   243
85   262
85   263

Appeal by plaintiff from an order of the district court for St. Louis county, *Stearns*, J., presiding, setting aside a judgment on default and admitting defendants to answer.

*R. R. Briggs*, for appellant.

*White, Shannon & Reynolds*, for respondents.

DICKINSON, J.   Upon the filing of an affidavit, in accordance with the statute, alleging that the affiant believed that the defendants were non-residents of the state of Minnesota, and could not be found therein, and that copies of the summons had been mailed to the defendants at their place of residence, the summons was published as authorized by statute.   After the completion of the publication, and on the 13th of February, 1889, upon proof of the defendants' default, the cause was heard by the court, and judgment rendered in favor of the plaintiff.   About three weeks later the defendants gave notice by their attorneys of a motion to be made to set aside the judgment, and for leave to interpose an answer in the cause.   Upon the hearing of this motion (before another judge than the one upon whose findings and order the judgment had been rendered) the relief sought by the defendants was granted, and from that order this appeal was taken by the plaintiff.

It may be conceded that one of the grounds assigned by the court as a reason for granting the motion to vacate the judgment would not have justified the order.   The reason here referred to is that the judgment had been rendered without jurisdiction, because there had been no return of the sheriff that the defendants could not be found in his county.   Concerning this it is enough to say that this defect, granting it to be jurisdictional, was not shown, and the presumption that the court had jurisdiction was not overcome.   The mere fact that no such return was found in the judgment-roll would not avail. *Herrick* v. *Butler*, 30 Minn. 156, (14 N. W. Rep. 794.)   This is a different question from that decided in *Barber* v. *Morris*, 37 Minn. 194, (33 N. W. Rep. 559.)   But it appears that the court also thought that, independent of the consideration above referred to, the application should have been granted, and in this we think he should be sustained.   The defendants, who were non-residents of the state, took proper step s to have a defence interposed, but the default seems

to have been caused solely by the serious illness of the attorney to whom they had committed their cause. Less than a month inter٠vened after the entry of the judgment before the proper steps to secure relief were taken on the part of the defendants. The court was justified in the conclusion that the defendants were not chargeable with laches, and by force of section 66, *c.* 66, Gen. St. 1878, they, tendering a good defence, were entitled as a matter of right to the relief sought. *Lord* v. *Hawkins,* 39 Minn. 73, (38 N. W. Rep. 689.) Assuming that the rule of the district court, as to the filing of an affidavit of merits, is applicable to such a case, the insufficiency of the affidavit in this case affords no sufficient reason for reversing the order, for the court had power to dispense with a compliance with the rule, and there seems to have been no impropriety in the action of the court, especially as a valid defence was shown in the verified answer presented upon the making of the motion.

Order affirmed.