LEAMING *v.* MCMILLAN.

Opinion delivered May 19, 1894.

*Vacating judgment for unavoidable casualty—Sickness.*

A judgment of dismissal of an action for want of prosecution should, on plaintiff's application, be set aside after expiration of the term, under Mansf. Dig. sec. 3909, subdiv. 7, as for an unavoidable casualty, where plaintiff had a meritorious cause of action, and was an old man, feeble and unable to leave his home, and had intrusted his case to an attorney who was prevented, by the severe illness of his wife, from attending the term of court at which it was dismissed.

Appeal from Desha Circuit Court, Arkansas City District.

F. M. ROGERS, Special Judge.

### STATEMENT BY THE COURT.

This an appeal from a judgment denying an application to set aside a judgment of dismissal of the action of Thos. Darling, now deceased, in which an attachment had been issued and levied upon machinery and fixtures of a mill, the property of McMillan and Dreyfus. After the levy of this attachment, Waterman obtained attachments before a justice of the peace, and had them levied on the same property. At the term of the circuit court to which Darling's attachment was returned, and before any answer to his complaint had been filed, Waterman, on his motion, was made defendant to Darling's suit, and upon his motion, Darling not appearing, his suit was dismissed. A complaint was filed to vacate this judgment of dismissal for unavoidable casualty preventing the plaintiff's appearance, under sub-section seven of section 3909 of Mansfield's Digest.

It was shown that Mr. Darling was over eighty years of age, feeble and unable to leave his home, and had entrusted the prosecution and management of his suit entirely to his attorney, H. F. Auten, who, on account of the severe illness of wife, was detained at home, and could not attend at the term of the court when the judgment of dismissal was rendered, and was unable to give the case any thought, on account of his anxiety about the condition of his wife. Neither Darling nor Auten learned of the judgment of dismissal till some time in September following the July term of the court at which the judgment was rendered. The action was brought in Desha county, and Auten and Darling both lived in Little Rock. Waterman was duly sum-

moned to answer the complaint to vacate the judgment of dismissal, and to re-instate the cause.

Darling died a few days before the term of the court commenced, and the appellant was appointed his administrator, and, not having time to serve a summons before the meeting of the court, the appearance of Dreyfus and McMillan was entered by attorney in fact, but, Waterman objecting to revival, the cause went over a term. A complaint to revive was afterwards filed, Waterman was summoned, and Dreyfus and McMillan were warned by publication to appear at the next term to answer the complaint, they being non-residents. Dreyfus and McMillan did not appear, but Waterman did, and demurred, and the court denied the petition to revive and to re-instate the cause, and dismissed the same, and the plaintiff appealed.

There was no contention that Darling did not have a meritorious cause of action.

*Auten & Moss* for appellants.

1. The cause should have been re-instated. The original dismissal was erroneous. The motion comes squarely within the provisions of the fourth and seventh subdivisions of Mansf. Dig. sec. 3909.

2. The property was in the hands of the sheriff, and our lien is still good and valid. 29 Ark. 85.

HUGHES, J. (after stating the facts.) It appears, from the statement of the case, that the failure of the plaintiff, Darling, to appear at the term of the court when the judgment of dismissal was rendered was caused by an unavoidable casualty, and that the non-attendance of himself and counsel was excusable under the circumstances.

In *Tidwell* v. *Witherspoon*, 18 Fla. 282, it was held that "the neglect of an attorney to prepare and file a plea, caused by his being summoned to a distant place

on account of the serious illness of his wife, even though he might have made arrangements with another attorney to prepare it, or might have notified his client, yet did not do so because of his anxiety for his family, is not such neglect as should operate to the prejudice of his client." And in this case the judgment by default was opened up. In *McArthur* v. *Slauson*, 60 Wis. 293, it was held that the refusal of the trial court to open a judgment obtained in the unavoidable absence of the defendant's attorney, for the purpose of allowing a defense, was error. See also *Snell* v. *Iowa Homestead Co.* 67 Ia. 405; *Triplett* v. *Scott*, 5 Bush, 81. In *Nye* v. *Swan*, 42 Minn. 243, a default by reason of the sickness of an attorney was opened to allow a defense. The statute of Minnesota made this a matter of right under the circumstances.

Under the circumstances of the case at bar, there being no contention that Darling's case lacked merit, we think no laches was imputable to him, and the sickness of his attorney's wife was an unavoidable casualty, excusing his non-attendance at the court.

We therefore reverse the judgment of the circuit court, with directions to re-instate the cause, and revive it in the name of Darling's administrator.