HUDGINS *v.* BEAVERS.

Opinion delivered October 26, 1901.

COSTS—MOTION TO RETAX.—A deputy sheriff instituted an independent action in a justice's court on a claim *ex contractu* against the plaintiff in an attachment suit for his fees in taking care of the attached property. On appeal to the circuit court, relief on the contract was refused, but the suit was treated as a motion to retax the costs in the attachment proceeding, and judgment was rendered for plaintiff. *Held*, error, because the costs involved did not accrue in the proceeding at bar, and because neither the sheriff nor any of the parties in the attachment proceeding had moved therein for a retaxing of the costs.

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

*Pole McPhetridge,* for appellant.

No amendment will be allowed on appeal to circuit court which changes the cause of action tried in the justice's court. Sand. & H. Dig., § 4447; 35 Ark. 445; 44 Ark. 375; 46 Ark. 354.

BUNN, C. J. This was a suit before one of the justices of the peace of Polk county for services rendered in taking care of personal property, taken under an order of attachment, during the pendency of the attachment proceedings. The plaintiff, Bob Beavers, laid his claim first at $75 for the services, and then afterwards at $105 by way of amendment to his complaint for the thirty-five days which he had the goods in his charge. Judgment for plaintiff in justice's court, and defendant appealed to the circuit court.

S C—37

The evidence shows that Bob Beavers, the plaintiff, was a regular deputy of D. B. Joplin, sheriff of the county, who had attached the property in question through another deputy. The proof by the plaintiff was to the effect that his services were worth $3 per day, and that he kept the goods thirty-five days until they were released to the defendant in the suit, as exempted property, and the costs adjudged against Hudgins & Bro., the plaintiffs also in that suit.

It was shown by the defendant, on the other hand, that plaintiff's services were only worth $15 or $20, or, at least, that the same goods might have been kept for the same time in a safe place for that amount. This was the testimony of the sheriff himself. No claim for these services as costs in the original suit was ever presented by the sheriff, but the deputy sues for the same in this independent suit, as per contract between himself and the defendants. In the circuit court it was suggested that it is contrary to public policy for a deputy sheriff to make a claim of this kind, as the goods were in the custody of his principal, and could not be taken from the sheriff's custody by any arrangement between him and one of the parties to the suit. The circuit court took this view of it, and dismissed the suit as on contract, and permitted it, over the objection of defendant, to progress, treating it as a motion to retax the costs, and rendered judgment in favor of plaintiff for the sum of $25 and costs. From this judgment the defendant appeals to this court. There is no appeal from the judgment of the circuit court dismissing the contract suit, the cause appealed from the justice of the peace court, and all parties seem to have acquiesced in that.

The circuit court was without jurisdiction to adjudicate the matter as on a motion to retax the costs, for the costs involved had not accrued in this proceeding, and neither the sheriff nor any of the parties in the attachment proceeding had moved for a retaxing of the costs. Nor was there ever any motion for that purpose. The judgment is therefore reversed, and the cause dismissed without prejudice.