CAPITAL FIRE INSURANCE COMPANY v. DAVIS.

Opinion delivered February 24, 1908.

JUDGMENT—VACATION AFTER TERM—UNAVOIDABLE CASUALTY.—A judgment by default against a defendant should, on the latter's application, be set aside after expiration of the term, under Kirby's Digest, §

4431, subdiv. 7, where defendant had meritorious defense and its attorney was prevented by illness from attending the court during the term.

Appeal from Cleburne Circuit Court; *Brice B. Hudgins,* Judge; reversed.

*J. W. & M. House* and *C. S. Collins,* for appellant.

1. The so-called answers filed by the appellant were nothing more than the statutory pleas of nonjoinder and misjoinder of parties, and were, by the express terms of the statute, demurrers. Kirby's Digest, § 6093, subdiv. 4. The character of a pleading is to be determined by its allegations, not from its name. 54 Ark. 468; 58 Ark. 136. The judgment of the court was, therefore, a default judgment.

2. The code of practice establishes a due and orderly method for dispatching the business of the courts, among other things requiring that the *clerk* shall keep the law docket, and set the cases. Kirby's Digest, § 6178. Judgments by default can not be rendered in actions at law until the *fourth* day of the term. *Id.* § 6188. Arbitrary rules of the courts, which in effect substitute and abrogate the statutes providing for the order of business of such courts, can not be permitted to stand.

3. A clear case for vacating the judgment was made out under the statute. Kirby's Digest, § 4431, subdiv. 7; 59 Ark. 163; 19 Fla. 282; 60 Miss. 293; 67 Ia. 405; 51 Bush, 81; 42 Minn. 243.

McCULLOCH, J. Appellees, J. H. Davis & Son, instituted this action in the circuit court of Cleburne County against the Capital Fire Insurance Company, an Arkansas corporation, and certain individuals alleged to be sureties on an insurance bond, to recover upon a policy the value of the insured property which had been destroyed by fire.

It is alleged in the complaint that the policy was issued by the Arkansas Mutual Fire Insurance Company, another Arkansas corporation; that said sureties had executed a bond to the State of Arkansas conditioned upon the payment of all losses to policy holders of said company; and that, before the occurrence of the fire which destroyed appellee's property, said company had become merged into the Capital Fire Insurance

Company under a contract whereby the last-named company assumed and agreed to pay all liabilities of the first-named company. The complaint also alleges that the property was destroyed by fire, the value of the property being stated, and that proof of loss had been duly made.

The action was brought to the October term of the court which commenced on October 1, 1906, and summons was served in time for trial at that term. Judgment was rendered on October 3, 1906, which was the third day of the term, in favor of appellees against all of the appellants in their absence and in the absence of their attorneys, and the court was immediately adjourned for the term.

At the next term of the court appellants filed and presented their complaint, praying that the judgment be vacated on the alleged ground, among others, of unavoidable casualty or misfortune which prevented them from appearing or defending.

The complaint was heard by the court, and the prayer thereof denied, and an appeal to this court has been duly prosecuted.

The facts upon which appellants base their right to have the judgment against them vacated are as follows:

Mr. C. S. Collins, a member of the bar at Little Rock, where the appellant company was domiciled and the other appellants resided, was employed to represent appellants and defend against the action.

On September 26, 1906, he prepared and forwarded to the clerk of the Cleburne Circuit Court what he calls a special plea on behalf of the sureties, setting forth the fact that they were only obligated on a fidelity bond under the statute, and not liable for losses under policies, and that their principal, the Arkansas Insurance Company, should be a party to the action. He also prepared and forwarded a special plea and answer on behalf of the Capital Fire Insurance Company. These several pleas were received and filed by the clerk on September 28, 1906. On September 26 he addressed a letter to the circuit judge, and also one to the attorneys for appellees, requesting that, for his convenience, the cause be set down for hearing on Friday, October 5, 1906, which would be the fifth day of the term. Appellees' attorneys responded with a letter dated September 28th, but which was not received by Mr. Collins until Monday morn-

ing, October 1st, stating that "under the rule of our court, when presided over by the regular judge, the cases, neither civil nor criminal, are set for a day unless by order of the court at the previous term; and, unless the court should sanction it, we will be unable to set a day for the case."

The only means of reaching Heber (the county seat of Cleburne County) from Little Rock was to travel by rail to Searcy, thence overland about 30 miles. Mr. Collins testifies that when he received the letter of the opposing attorneys on Monday morning he was sick with fever and neuralgia; that for several years he had been greatly afflicted with asthma, which rendered him peculiarly sensitive to exposure to bad weather; that excessive rains had been for several days and were then prevailing, and that his physician advised him that it would not be prudent for him to undertake a trip overland in that condition during the inclement weather; that he endeavored to communicate with the circuit judge by telegraph and telephone, but could not do so for the reasons that the wires were reported to be down; that he was confined to his bed most of the time during Tuesday and Wednesday, but that the weather cleared up on Wednesday, and, though still sick, he took the first train for Searcy, and there took the mail hack for Heber Thursday morning, reaching Heber Thursday afternoon.

The only conflicting testimony as to Mr. Collins's physical condition is that contained in the affidavits of the three gentleman who were attorneys for appellees in which they stated that when he arrived at Heber he appeared to be in good health.

We think the evidence shows clearly that appellants were, on account of "unavoidable casualty or misfortune," prevented from appearing and defending against the action. This is by statute expressly made ground for vacating a judgment. Kirby's Digest, § 4431, subdivision 7.

This court held, in the case of *Leaming* v. *McMillan,* 59 Ark. 162, that sickness of the wife of the attorney for one of the parties to the action which prevented him from attending court or giving any thought or attention to the case was such an unavoidable casualty as justified the court in vacating a judgment or order rendered during the absence of the attorney and his client.

The evidence is conclusive and undisputed that on Monday and Tuesday Mr. Collins was physically unable to make the trip to Heber, and that he started on Wednesday as soon as the weather and his health would reasonably permit.

It is true that the testimony of the other attorneys tends to show that he was not sick, apparently, when he reached Heber late Thursday afternoon, but this does not conflict with his statement that he was sick in Little Rock on Monday, Tuesday and Wednesday. It is undisputed and, according to his testimony, well known that Mr. Collins has for several years been in poor health and afflicted with a malady on account of which he is unable to withstand exposure to inclement weather. It is also undisputed that the weather was very bad at that time—heavy rainstorms had been prevailing for several days.

Now, the fact that, when Mr. Collins reached Heber and found that the court had already rendered judgment against his clients and adjourned, he failed to disclose to opposing counsel that he was sick does not militate against the truth of his sworn statement that he was sick on the preceding days. Men do not always remind those with whom they come in business contact of their infirmities, either past or present. Especially after long affliction, many learn to bear such burdens in silence and without complaint.

Nor does the fact that Mr. Collins appeared to the other attorneys to be in good health when he reached Heber discredit his statement that he was sick in Little Rock. Nothing is shown to have occurred to call their attention especially to his physical condition, and the varying opinions of men as to the physical condition and state of health of those with whom they come in contact casually are too uncertain and insubstantial to base a judgment on when they conflict with positive testimony to the contrary.

We are therefore of the opinion that appellants are entitled to have the judgment against them vacated, so that they may have an opportunity to be heard in defense of the action. They tendered answers showing meritorious defenses, and thus brought themselves within the requirements of the statute, but the court decided that they had not established any grounds for vacating the former judgment.

Reversed and remanded with directions to vacate the judgment.

Wood, J., disqualified and not participating.