THWEATT *v.* THE GRAND TEMPLE AND TABERNACLE OF THE INTERNATIONAL ORDER OF THE TWELVE KNIGHTS AND DAUGHTERS OF TABOR OF ARKANSAS.

Opinion delivered March 26, 1917.

JUDGMENTS—DEFAULT—SICKNESS OF COUNSEL.—Under Kirby's Digest, § 4431, seventh subdivision, a court may set aside a judgment taken by default against a defendant, where defendant's only attorney, at the time of the rendition of such judgment, is unable to be in attendance upon the court on account of sickness.

Appeal from Prairie Circuit Court, Northern District; *Thos. C. Trimble*, Judge; affirmed.

*C. B. & Cooper Thweatt*, for appellant.

1. The court erred in setting aside the judgment by default, after the lapse of the term. 33 Ark. 459; 53 *Id.* 318; Kirby's Digest, § 4431. No unavoidable casualty or misfortune was shown.

A party is bound by the negligence of his attorney and mere negligence of an attorney is not sufficient to justify the setting aside a judgment. 104 Ark. 45; 66 *Id.* 183; 97 *Id.* 117.

*Emmet Vaughan* and *Scipio A. Jones*, for appellee.

The action of the court in vacating the judgment and reinstating the cause to be tried upon its merits is supported by all the authorities in like cases, and by the proof. Acts 1915, Act 290, § 9; Kirby's Digest, § 6188; 59 Ark. 162; 32 *Id.* 717; 85 *Id.* 385; 73 *Id.* 286; 75 *Id.* 425.

WOOD, J. The appellee brought suit against the appellants, and alleged in its complaint that on September 9, 1915, appellants obtained a judgment by default against the appellee for $250.00; that when

summons was served on the appellee it notified its regular attorney, Scipio A. Jones, and instructed him to defend the suit, which it believed he was doing when the case was called for trial, and that it did not know of the rendition of the judgment by default until after the expiration of the term at which the same was rendered; that it had been informed and verily believed that its attorney was sick and unable to attend court when the case was called for trial, and that it had no knowledge of such fact at the time of the trial; that the complaint upon which judgment was rendered against it by default was for services said to have been rendered one F. J. Betton and appellee, and that it had a valid defense to said suit. The appellee prayed that the judgment be set aside and that it be permitted to file answer and try the case on its merits. A copy of the default judgment and of the complaint on which the same was rendered and defendant's answer thereto were attached and made a part of the complaint herein.

The appellants answered, denying the material allegations of the complaint.

Jones testified that he was an attorney and had been the regular attorney for the appellee for seven or eight years; that he was employed to represent it in all suits. He did not appear when the case against the appellee was set for trial because he was sick at the time. He called over the phone for other attorneys and failed to get them and finally, late at night, called the judge and asked him to continue the case and the judge said that he would do it. He did not learn that a judgment had been rendered against the appellee until execution was issued on the same, when he engaged counsel to bring the present suit. The case was docketed against Betton and others, and that was probably how the mistake occurred, as there was another suit against the appellee and it was continued.

On cross-examination he stated that he talked to the judge he thought the day before court adjourned. He was sick two or three days before he talked to the

judge. He had malaria; was up a little and able to talk over the telephone. There was not any great deal of preparation to make for the defense of the suit. He talked with some witnesses and Mr. Betton about it. All witness had to do was to go there and try it. No witnesses were subpoenaed and no answer was filed. The reason he did not mail his answer to the clerk, or have some one file the same by noon the first day of the term, was because he was sick at the time, and thought he was given until the third day to file the answer. Doctor Robinson attended him in his sickness. He called up the judge the day before default day.

The appellants introduced certified copies of the court orders, showing that the court met September 6 and adjourned September 14; also summons showing that service was had May 15, all in the year 1915, and that the judgment in question was rendered September 9.

One of the appellants testified that he did not ask for judgment until the 4th day of the term as a courtesy to any attorney living away that might be representing the defendant. On that day, his business at court being through, he asked for the judgment. The court stated that he had gotten a 'phone from Jones. Witness did not know what Jones it was; and the court said he would grant the judgment, but if the attorney appeared before court adjourned and filed an answer, the judgment would be set aside and the party given a trial. Witness is sure the judge said nothing about Jones being sick. As witness understood, Jones wanted the case set down for a day and the court was not willing to do that.

This suit was brought under section 4433 of Kirby's Digest, authorizing suits to be instituted by complaint for the purpose of vacating a judgment after the expiration of the term at which the judgment was rendered for certain causes, which are specified in section 4431 of the Digest, and one of the causes that are specified is

"*Seventh.* For unavoidable casualty or misfortune preventing the party from appearing or defending."

A court will be justified, under the authority of the above statute, in setting aside a judgment taken by default against a defendant where the only attorney of the defendant at the time of the rendition of such judgment is unable to be in attendance upon the court on account of sickness. Sickness that prevents an attorney from being in attendance upon the court is an unavoidable casualty. *Leaming* v. *McMillan*, 59 Ark. 162; *Capital Fire Ins. Co.* v. *Davis*, 85 Ark. 385.

Moreover, what was said by the court while considering the case and in explanation of its ruling in vacating the judgment shows that the court was misled and misled counsel for the appellee, and that the judgment by default was rendered through a misapprehension on the part of the court that Jones was not the attorney for the appellee in the case in which judgment was rendered against it by default. It appears that the court was of the impression that Jones, the attorney for the appellee, was not in the case, and the court understood one of the appellants to say at the time the case was called for a default judgment that Jones was not an attorney in the case. The court frankly stated, "I did not know he was referring to this case at the time I let him take judgment by default. It seems that this is the case and I reckon I am to blame and probably was misled."

It thus appears that the reason the court allowed the judgment taken by default was that the court was under the impression, obtained by answer to an inquiry addressed to one of the appellants, that Jones was not the attorney in the case in which judgment by default was asked, the court being of the impression that the case in which Jones was the attorney had been continued.

"An Act of the court shall prejudice no man, is a maxim founded," says Mr. Broom, "upon justice and good sense." Broom's Legal Maxims, p. 99. And while the facts may not bring the present case tech-

nically within this ancient maxim, the principle it
announces should, by analogy at least, be and is
applied here to sustain the judgment of the court, which
is accordingly affirmed.