GREER *v.* KEATHLY.

4-3996

Opinion delivered October 21, 1935.

530

*Gordon Armitage* and *B. E. Taylor*, for appellants.

*Glenn H. Wimmer* and *Emmet Vaughan*, for appellees.

MEHAFFY, J. Leo Keathly and six others filed suit against the appellants in justice court to recover what they alleged was due them for cutting and hauling logs. There was a judgment in favor of appellees, and from this judgment an appeal was taken to the circuit court.

The cases were set for trial in the circuit court at Des Arc on March 20, 1934, and judgment was rendered against appellants on said day. Thereafter, on January 29, 1935, this suit was begun in the Prairie Circuit Court under the seventh subdivision of § 6290 of Crawford & Moses' Digest, which provides for vacating or setting aside a judgment after the term at which it was rendered. The seventh subdivision of said section reads as follows:

"For unavoidable casualty or misfortune preventing the party from appearing or defending."

The original suit in the justice of the peace court was begun by attachment, and the attachment was sustained both in the justice court and the circuit court.

This suit is for the purpose of setting aside and vacating the judgment of the circuit court. The complaint alleges that both Mr. W. H. Gregory, attorney for M. H. Greer, and Mr. M. H. Greer were sick and thereby prevented from attending the trial of the cases. The attorney, Mr. Gregory, communicated with the judge of the court by telephone, according to the statement in the complaint. The complaint is sworn to by Mr. M. H. Greer, and no evidence was introduced to support the allegations

in the complaint. No evidence was offered showing that either Gregory or Greer was unable to attend court.

The court treated the complaint as a motion to retax costs in the judgment rendered on March 20, 1934. The court, in regard to postponing the trial on account of the sickness of one of the parties and his attorney, made the following statement:

"The morning that this case was set for trial in the Northern District of Prairie County, Mr. Gregory, attorney for the defendant, called me over the telephone from Searcy and asked me whether or not this case was set for trial. "I told him that it was, and that the plaintiffs were there waiting, and that their attorney, Mr. Wimmer, was insisting upon a trial because, if the case was continued, it would have to go over until the next term of court, which would be six months off; that these plaintiffs were day laborers, most of them with families; that they needed the money to purchase the necessities of life; that they claimed the work had been performed and they were entitled to be paid.

"I informed Mr. Gregory over the phone that personally I had no objections to a continuance, but under the circumstances the amount being small due each plaintiff, if they were entitled to anything at all, the case should be tried at this term of court. That, before I would consent to a continuance for the term, I wanted him to get in touch with Mr. Wimmer, and, if he agreed to it, same met with my approval. I held this case off until the last case to be tried at this particular term of court. When the case was called, I asked Mr. Wimmer whether or not Mr. Gregory had called him concerning the matter, and he informed me that Mr. Gregory had not talked with him. I then permitted a jury to be impaneled and the case proceeded to trial.

"I never heard any more about the case until several months later when Mr. Armitage, attorney of Searcy, filed pleadings in the case to set the verdict aside. I treated the motion also as a motion to retax cost as it appeared from the record that the justice of the peace, and constable had made erroneous charges, and that his motion for a new trial was overruled. Mr. Gregory

claimed that he was suffering from a cold and was unable to be at court that morning.'.'

The granting or refusing to grant a continuance ordinarily rests in the sound discretion of the trial court, and, unless there is abuse of discretion, the trial court's ruling will not be disturbed. *Mo. & N. Ark. Rd. Co.* v. *Robinson,* 188 Ark. 334, 65 S. W. (2d) 546; *Wilson* v. *State,* 188 Ark. 846, 68 S. W. (2d) 100.

In this case we not only think that the trial judge did not abuse his discretion, but appellants knew the case was pending, offered no evidence at all to contradict the statement of the judge as to what happened, and offered no evidence to support any of the allegations in the complaint.

The statement in appellant's complaint would not have warranted the trial court in setting aside the verdict and judgment. There is no claim that they did not know about the judgment in time to take an appeal. There is no evidence anywhere of any meritorious defense. It is true that the statement is made in the complaint, which is sworn to by Mr. Greer, that the appellees were indebted to one of the parties in an amount equal to or greater than the amount sued for, but there is no other statement in the complaint anywhere about a defense.

Appellants call attention to and rely on the case of *Leaming* v. *McMillan,* 59 Ark. 162, 26 S. W. 820, but it was shown in that case that Mr. Darling was over 80 years of age, feeble, and unable to leave his home, and his attorney, to whom he had intrusted the management of the suit, was detained on account of the severe illness of his wife. Neither Darling nor his attorney learned of the judgment until some time in September, following the July term at which the judgment was rendered. The court said: "Under the circumstances of the case at bar, there being no contention that Darling's case lacked merit, we think no laches was imputable to him, and the sickness of his attorney's wife was an unavoidable casualty excusing his non-attendance at the court."

Appellants next call attention to the case of *Capital Fire Insurance Company* v. *Davis,* 85 Ark. 385, 108 S. W. 202. In that case it was shown that the attorney was sick,

and unable to go from Little Rock to Heber Springs, and that the answer tendered showed a meritorious defense.

The next case relied on by appellants is the case of *Thweatt* v. *Grand Temple & Tabernacle of the International Order of Twelve Knights and Daughters of Tabor of Arkansas,* 128 Ark. 269, 193 S. W. 508. The court in that case misunderstood the matter, and said that he was to blame and probably was misled, and therefore he set the judgment aside, and it was affirmed by this court.

The court in this case retaxed the costs, and appellees prosecuted a cross-appeal. They call attention to the case of *Hudgins* v. *Beavers,* 69 Ark. 577, 65 S. W. 99. The court there said:

''The circuit court was without jurisdiction to adjudicate the matter, as on a motion to retax the costs, for the costs involved had not accrued in this proceeding, and neither the sheriff nor any of the parties in the attachment proceeding had moved for a retaxing of the costs.''

But that was an independent suit, and the suit at bar is the same suit that was appealed from justice court to the circuit court, and the circuit court had jurisdiction.

It follows from what we have said that the judgment must be affirmed both on appeal and cross-appeal. It is so ordered.