JOHNSON *v.* JETT.

4-6676                                     159 S. W. 2d 78

Opinion delivered March 2, 1942.

*Harvey L. Joyce* and *Glen Wing,* for appellant.

*Mayes & Mayes,* and *Atkinson & Atkinson,* for appellee.

HOLT, J.   May 2, 1941, appellee sued appellants to recover alleged wages and liquidated damages in the amount of $300.94 and for attorney's fee. Summons was had on appellants May 3, 1941. May 13, following, court adjourned until June 23, 1941. On the latter date, June 23, 1941, judgment by default was rendered against appellants for the amount sued for, together with an attorney's fee of $75. Part of the judgment was for a penalty.

July 18, 1941, during the same term of the court at which the default judgment was rendered against ap-

pellants, they filed motion to set aside this default judgment on the ground of unavoidable casualty or misfortune that prevented their attorney from appearing for them. Appellants also set up in their motion a meritorious defense to the cause of action. Upon a hearing the court overruled appellants' motion to set aside the judgment and this appeal followed.

Appellee in his brief very clearly states the issue here in this language: "Did the circuit court abuse its discretion in refusing to set aside its judgment entered on default of appellants, the contention of appellants being that their default was due to unavoidable casualty or misfortune preventing them from appearing and filing defense before noon of the first day court was in session after the expiration of twenty days after service of summons on defendants in Washington county?"

The facts, as reflected by the record, are: At the time the judgment was entered, June 23, 1941, and for sometime prior thereto, Harvey L. Joyce of Fayetteville, Arkansas, was appellants' attorney. For several months prior to May 2, 1941, when the suit against appellants was filed, Mr. Joyce's wife had been seriously ill, under the constant care of a physician in Fayetteville, and threatened with a serious operation. About May 15, 1941, Mr. Joyce upon the advice of her physician, hoping to improve his wife's health, made a trip with her in his car to Phoenix, Arizona, to be present at the graduation of their son, who was a flying cadet in the Air Corps at Phoenix. Instead of the trip proving beneficial to his wife, her condition grew worse and they returned to Fayetteville about June 2.

Before starting on this journey to Phoenix, Mr. Joyce testified "I mentioned to the court about making this trip out west and about this case," and the court said, "Harvey, if I were you I would head my automobile that way and let the court worry about what's going on here."

After returning to Fayetteville, his wife continued under the care of their family physician, and it was evident that an operation would be necessary. Following

the doctor's advice, he took his wife to Barnes Hospital in St. Louis, Missouri, for an operation, which was performed June 24, 1941. They reached St. Louis some few days before the operation. Along about the 17th or 18th of June, Joyce had a conversation with appellee's attorneys, in which he told them that he was leaving immediately for St. Louis with his wife, and that an operation was necessary.

It is undisputed here that the motion to vacate the judgment in question was filed during the same term at which the default judgment was entered. It was, therefore, within the sound discretion of the trial court to grant or refuse the motion to set aside the default judgment, with or without cause. Unless, therefore, on the facts before us, there has been an abuse of discretion, the judgment should not be disturbed.

It is conceded by appellee here that under the provisions of §§ 1355 and 1430 of Pope's Digest appellants (defendants below) had until noon of June 23, 1941, within which to file answer. It is conceded that appellants did not file their answer on or before that date. We think, however, in the circumstances here, that the trial court was not justified in refusing to set aside the default judgment. The failure of appellants' attorney to file answer before noon of June 23 was due to an unavoidable casualty or misfortune which prevented him from appearing and filing answer for appellants whom he represented and we think he was excusable under the circumstances.

It has many times been held by this court that sickness which prevents an attorney from being in attendance upon the court is an unavoidable casualty. In *Leaming* v. *McMillan,* 59 Ark. 162, 26 S. W. 820, 43 Am. St. Rep. 26, this court quoted with approval from a Florida case as follows: " 'The neglect of an attorney to prepare and file a plea, caused by his being summoned to a distant place on account of the serious illness of his wife, even though he might have made arrangements with another attorney to prepare it, or might have notified his client, yet did not do so because of his anxiety for his family, is not such neglect as should operate to the prejudice of

his client.' And in this case the judgment by default was opened up. In *McArthur* v. *Slauson,* 60 Wis. 293, 19 N. W. 45, it was held that the refusal of the trial court to open a judgment obtained in the unavoidable absence of the defendant's attorney, for the purpose of allowing a defense was error. See, also, *Snell* v. *Iowa Homestead Co.,* 67 Ia. 405, 25 N. W. 678; *Triplett* v. *Scott,* 5 Bush. 81. In *Nye* v. *Swan,* 42 Minn. 243, 44 N. W. 9, a default by reason of the sickness of an attorney was opened to allow a defense.''

In *Capital Fire Insurance Co.* v. *Davis,* 85 Ark. 385, 108 S. W. 202, this court approved the decision in the Leaming case in this language: ''This court held, in the case of *Leaming* v. *McMillan,* 59 Ark. 162, 26 S. W. 820, 43 Am. St. Rep. 26, that sickness of the wife of the attorney for one of the parties to the action which prevented him from attending court or giving any thought or attention to the case was such an unavoidable casualty as justified the court in vacating a judgment or order rendered during the absence of the attorney and his client.''

The Leaming case was again cited with approval by this court in *Thweatt* v. *Grand Temple, etc., Knights & Daughters of Tabor,* 128 Ark. 269, 193 S. W. 508. There this court said: ''A court will be justified . . . in setting aside a judgment taken by default against a defendant, where the only attorney of the defendant at the time of the rendition of such judgment is unable to be in attendance upon the court on account of sickness. Sickness that prevents an attorney from being in attendance upon the court is an unavoidable casualty. *Leaming* v. *McMillan,* 59 Ark. 162, 26 S. W. 820, 43 Am. St. Rep. 26; *Capital Fire Ins. Co.* v. *Davis,* 85 Ark. 385, 108 S. W. 202.''

Here, appellants' attorney, Mr. Joyce, on the very day the default judgment was taken against his clients, was at Barnes Hospital in St. Louis, Missouri, with his wife whom some three or four days before he had carried there for a serious operation. Naturally he was laboring under great mental stress and worry and was not only in no condition but had no opportunity to appear in court at the time the default judgment was taken on June 23, 1941.

As indicated, we think his failure to appear was excusable, and that the trial court erred in holding otherwise. Accordingly the judgment is reversed, and the cause remanded with directions to set aside the default judgment and proceed in conformity with this opinion.