[No. 6,694.]

## REED v. ALLISON ET AL.

MOTION—RENEWAL OF MOTION—JURISDICTION—SUPREME COURT—PRACTICE. The late Supreme Court made an order adjudging that no appeal had been taken in this case, and directing the transcript to be stricken from the files; and afterward denied a motion to reinstate the case, and a petition for re-hearing. Upon a motion made to this Court to set aside the orders of the late Court: *Held*, that it would be a sufficient ground for the denial of the motion, that it was renewed without leave of the Court; and *held, further*, —without resting the opinion on that ground—that to set aside the orders of the late Court would be to exercise an appellate power over its orders, judgments, and decrees, which this Court does not possess.

MOTION to reinstate an appeal dismissed by the late Supreme Court.

The facts are stated in the opinion.

*Edward F. Head, Isaac N. Thorne,* and *H. P. Irving,* for Appellants.

*Houghton & Reynolds, Chase & Leach, I. Hartman, C. D. Wright, J. E. McElrath, Bodley & Campbell, J. H. Burch,* and *S. Healy,* for Respondents.

In bank, MORRISON, C. J.:

The following are the facts of this case: On the 2nd day of July, 1879, appellants filed their transcript on appeal in this Court, and on the 24th day of the same month a notice was served and filed of a motion to dismiss the "pretended appeal," and to strike the transcript from the files of the Court, on the following grounds:

1st. More than forty days for filing an authenticated tran-script herein have passed, and no such transcript has been filed.

2nd. All the parties to the said interlocutory judgment have not been served with the notice of appeal.

3rd. The said notice of appeal is not addressed to any of the parties herein; nor are any of them informed when they will be required to respond to the appeal.

The above motion was heard by the late Supreme Court, and on the 31st day of July the following order was made by the Court:

" Motion to dismiss and strike transcript from the files argued. It is adjudged that no appeal has been taken from the interlocutory judgment herein, or from the order denying the motion of Luco, Treat, and Allison, for a new trial, and it is therefore ordered that the transcript be stricken from the files."

On the 15th day of September the parties filed a notice of motion, affidavit, etc., to set aside the above order striking the transcript from the files, and on the 25th of that month said motion was denied. On the 15th day of October the same parties, Luco, Treat, and Allison, filed their petition for a rehearing of their motion to reinstate the said cause on the calendar, and on the 2d of November said motion was denied by the Court. This is a renewal of the motion made on the 16th of March, 1880, without leave of the Court.

That the motion is renewed without leave of the Court, would be a sufficient ground for the denial thereof. (*Ford* v. *Doyle,* 44 Cal. 635; *Bowers* v. *Cherokee Bob,* 46 Id. 279.) But we do not rest our opinion upon that ground.

It does not appear from the order of the Court striking the transcript from the files, upon what ground the order was based ; but we were told upon the argument that the transcript was stricken from the files for the reason that the notice of appeal was insufficient. If the question of the sufficiency of the notice was now before the Court for the first time, we are not prepared to say that we would hold it defective, neither are we prepared to say that the motion to strike from the files would be sustained ; but it does seem to us, that the whole matter has passed beyond the reach of the Court. The order was made on the 31st of July, 1879, and two ineffectual attempts were made to have it set aside. We are now called upon, after an interval of nearly eight months, to review the decision of the late Court, and set aside, vacate, and annul an order made by it, after argument, and with due consideration, and not inadvertently, as claimed by the learned counsel who makes the motion.

Rights may have been acquired (indeed it is said that rights have been acquired) on the faith of the order complained of, and it would be a dangerous thing to interfere with the order at this late day. To do so would be to exercise an appellate power

over the orders, judgments, and decrees of our predecessors, which the Court does not possess.

Motion denied.

ROSS, J., THORNTON, J., MYRICK, J., SHARPSTEIN, J., McKINSTRY, J., and McKEE, J., concurred.