## Ernest Freyer *v.* Zelas K. McCord, Appellant.

*Principal and agent—Deceit—Evidence—Fraud.*

In an action of deceit against a principal to recover damages for misrepresentations made by an agent, the fraud should be clear, and there should be in addition some evidence of participation or knowledge on the part of the principal, or circumstances which should have put him upon · inquiry.

An action of deceit by a vendee against a vendor, to recover damages for misrepresentation made by the vendor's agent as to the quantity of land conveyed, cannot be sustained where it appears that the vendor authorized her agent to sell only the land described in the deed, and no more, and that she had no personal communication with the vendee.

Argued Nov. 1, 1894. Appeal, No. 214, Oct. T., 1894, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1893, No. 116, on verdict for plaintiff. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for deceit. Before McCLUNG, J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal of defendant's request for binding instruction, quoting it.

*J. McF. Carpenter*, for appellant, cited : Stafford v. Giles, 135 Pa. 411 ; Cullmans v. Lindsay, 114 Pa. 166 ; Rowand v. Finney, 96 Pa. 196 ; Babcock v. Day, 104 Pa. 4 ; Pearsoll v. Chapin, 44 Pa. 9 ; Titus v. R. R., 46 N. J. L. 393 ; Kennedy v. McKay, 14 Vroom, 288.

*J. M. Swearingen, Samuel McClay* with him, for appellee, cited : Griswold v. Gebbie, 126 Pa. 365 ; Lee v. Dean, 3 Whart. 316 ; Wharton on Contracts, § 232 ; Wiswall v. Hall, 3 Paige, Ch. 313 ; Schettiger v. Hopple, 3 Grant, 54 ; King v. Pyle, 8 S. & R. 166.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895 :

While the general rule that the principal is liable for his agent's misrepresentations is unquestionable, as was held in Griswold v. Gebbie, 126 Pa. 353, yet the action of deceit being founded on fraud or moral wrong, to sustain it against the principal on such representations, the fraud should be clear, and there should in addition be some evidence of participation or knowledge on the part of the principal, or circumstances which should have put him upon inquiry. In other words, as said in Griswold v. Gebbie, " the scienter must not only be alleged but proved." A man may be liable to make good the value of another's property which he has used, though he may have used it innocently and unwittingly, but he could not be convicted of larceny unless he took it animo furandi, nor can he be punished by damages in deceit for a fraud without evidence that he participated or knew or ought to have known of it. Griswold v. Gebbie was said to be a very close case, but attention was called in the opinion to the fact that the defendant not only knew of the preparation of the deceptive circular by her agent, but had herself given it to some parties who inquired about the property. That element is entirely wanting in the present case. There is no evidence that either the defendant, or Graham her agent to prepare the deed, knew of any fraud, if in fact any fraud was committed. The property was advertised by a sign-board put up on the portion above the road ; the part below the road was not fenced and had nothing to indicate that it was part of the same ownership ; the deed plainly described the land as above the road, so that the iden-

tity or variance between the thing conveyed and the thing bought was evident to the slightest examination; the plaintiff was a German but he spoke English, and was bound to know what his deed contained, unless it was misread to him, which is not alleged; he took it to the attorney of his building association who examined it and prepared a mortgage, following the same description; plaintiff executed it with that description, took charge of the land, rented it for a time and then moved on it himself and made no complaint for some months—how many not exactly shown. The defendant denied positively that she authorized or intended to sell anything more than the upper lot properly described in the deed, and it was admitted that she never gave Ochse any written authority, or had any personal communication at all with the plaintiff. Against the sale with these surroundings the only evidence of fraud or deceit is the allegation that Ochse told plaintiff that the deed was "all right," and as to this the testimony of plaintiff and his witness is at variance. Plaintiff says he asked Ochse "is the deed all right? I can't read English," and says "I guess he said it was all right." Ochse says plaintiff did not ask anything about the deed, but that he told him it included the whole property, and he says he told him so in the face of the fact that Graham who drew the deed had just told him, Ochse, the contrary. If plaintiff was deceived it was by Ochse, and his action for deceit should have been against him. The evidence is entirely insufficient to support such an action against the defendant, the utmost that it amounts to against her being that plaintiff did not get the whole of the land he thought he was buying, and that by reason of the circumstances he might be entitled to a rescission on tender of reconveyance. The defendant's point should have been affirmed, and verdict directed for her on the insufficiency of the evidence to maintain this action.

Judgment reversed.