(March 25, 1919.)

NICHOLAS DELLWO, Appellant, v. JOSHUA PETERSEN, JOHN W. BOOTHE, RALPH J. NEVERS, HARRY P. WOLF and W. B. McFARLAND, Jr., Respondents.

[180 Pac. 167.]

FRAUD—BROKERS—NONSUIT.

1. An action for damages on account of alleged fraud and deceit in making an exchange of lands will not lie against the owners of the land where the evidence shows that the owners of the land had merely listed their lands for sale or exchange with real estate brokers,

and where the real estate brokers made the fraudulent statements relied upon, without the knowledge, consent or approval of the owners of the land, but will lie against the agents alone.

2. Upon a motion for nonsuit, the motion should be overruled if the evidence proves or tends to prove by a fair construction all of the material allegations of the complaint.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action for damages. Judgment of nonsuit. Affirmed in part and reversed in part.

R. D. Leeper and R. H. Elder, for Appellant.

"The falsity of the representations and the existence of a scienter and of a fraudulent intent are questions to be determined by the jury from the facts in evidence." (20 Cyc. 124–126, and notes; *Watson v. Molden,* 10 Ida. 570, 79 Pac. 503.)

On motion for nonsuit, defendant is deemed to have admitted all the facts of which there is any evidence, and all the facts which the evidence tends to prove. (*Later v. Haywood,* 12 Ida. 78, 85 Pac. 494; *Allen v. Phoenix Assur. Co.,* 12 Ida. 653, 10 Ann. Cas. 328, 88 Pac. 245, 18 L. R. A., N. S., 903; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497.)

Plaintiff had a right implicitly to rely upon the representations made by defendants with respect to the character of the property to be purchased by plaintiff. (*Fargo Gas & Coke Co. v. Fargo Gas & Electric Co.,* 4 N. D. 219, 59 N. W. 1066, 37 L. R. A. 593; *Wooddy v. Benton Water* Co., 54 Wash. 124, 132 Am. St. 1102, 102 Pac. 1054; *Miller v. Gerry,* 81 Wash. 217, 142 Pac. 668; *George v. Kurdy,* 92 Wash. 277, 158 Pac. 965; *Eyers v. Burbank Co.,* 97 Wash. 220, 166 Pac. 656.)

When the fact of agency is once established, the principal is bound by the acts of his agent within the apparent scope of his actual authority, or that authority which the principal knowingly permits the agent to assume. (1 Am. & Eng.

Ency. Law, 2d ed., 989; *O'Daniel v. Streeby*, 77 Wash. 414, 416, 137 Pac. 1025, L. R. A. 1915F, 634.)

C. H. Potts and McFarland & McFarland, for Respondents.

The element of scienter was totally lacking in the proof. There was nothing in the evidence from which any reasonable man would infer that the representations were not made in the belief that they were true, or that such belief was not founded upon reasonable grounds. (20 Cyc. 25; *Johnson v. Holderman*, 30 Ida. 691, 167 Pac. 1030.)

"An innocent principal who has simply authorized an agent to sell property cannot be charged in an action of deceit for the agent's wrongs, unless in some manner he be connected with them." (*Mayo v. Wahlgreen*, 9 Colo. App. 506, 50 Pac. 40; *Kennedy v. McKay*, 43 N. J. L. 288, 39 Am. Rep. 581; *Titus v. Cairo etc. R. Co.*, 46 N. J. L. 393; *Decker v. Fredericks*, 47 N. J. L. 469, 1 Atl. 470; *White v. New York etc. R. Co.*, 68 N. J. L. 123, 52 Atl. 216; *Marsh v. Buchan*, 46 N. J. Eq. 595, 22 Atl. 128; *Keen v. James' Exrs.*, 39 N. J. Eq. 527, 51 Am. Rep. 29; *Freyer v. McCord*, 165 Pa. St. 539, 30 Atl. 1024; *Kefe v. Sholl*, 181 Pa. 90, 37 Atl. 116; *Kennedy v. McKay*, 43 N. J. L. 288, 39 Am. Rep. 581; *Bridges v. McClendon*, 56 Ala. 327; *Herring v. Skaggs*, 62 Ala. 180, 34 Am. Rep. 4; *Samson v. Beale*, 27 Wash. 557, 68 Pac. 180.)

An action in tort for deceit will not lie against a principal for the deceit of an agent not known to his principal. Under such circumstances the action for deceit can be maintained against the agent alone. (*White v. State*, 68 N. J. L. 123, 52 Atl. 216.)

STEELE, District Judge.—Appellant seeks to recover $13,000 damages from respondents for alleged fraudulent and deceitful acts practiced, as alleged, by respondents, in the exchange of certain lands; appellant's lands which were exchanged being in the state of Oregon, and the lands which he received from the last three named respondents being owned by said three respondents in Idaho. The respondents Petersen and Boothe are claimed to have acted as real estate

brokers and as agents in making the said deal for respondents Nevers, Wolf and McFarland, Jr.

Appellant claims to have been a farmer all his life, engaged in the raising of wheat and other cereals; and the land which he procured from respondents in Idaho was an orchard tract, and that said land required irrigation to produce fruit; that he knew but little about orchard lands and but little about irrigated lands; that the respondents Petersen and Boothe negotiated the transfer, and that they did so as real estate brokers and agents, acting for the respondents Nevers, Wolf and McFarland, Jr., the owners of the land in Idaho; that appellant went to Coeur d'Alene, Idaho, after seeing the advertisement of the agents Boothe and Petersen that they had such land for disposal and called upon said agents, and that said agents took him out to view the land; that they represented to appellant that forty acres of said land could be and were well irrigated by a pumping plant then located upon the land, which would produce ample water for the irrigation of the said forty-acre tract of land, and that the other twenty acres of said land were covered by a perpetual and adequate water right and were capable of being irrigated from the Post Falls Company Irrigation System, and the said irrigation company was sound and solvent, and that the plant was well built, and thoroughly constructed, of the best material, and that the said Post Falls Irrigation Company was bound to furnish the twenty acres with water for thorough irrigation; that the said agents represented to him that the fruit trees then growing upon said land were of the best varieties and were planted in blocks, each variety being separate from the other; that the land was well worth $18,000.

Appellant claims that other representations were made with regard to other qualities of said land, but which the court, under the conclusions arrived at, deems it immaterial to further state.

Appellant claims that all of said representations were false and were known to be false by respondents; that appellant relied upon said representations and was damaged thereby; that in fact, the pumping plant, which was represented to be

capable of well irrigating the forty-acre tract, would not produce sufficient water to irrigate more than five or ten acres of said forty acres, if it ran continuously, and that the Post. Falls Irrigating Company was not a solvent concern,—that it afterward failed and became insolvent; that the structure placed by the Post Falls Irrigating Company for the purpose of irrigating said lands was not in good condition; that the pipes which ran through and under the land were rotten, and that instead of the land being worth $18,000, it was not worth more than $5,000.

Respondents each and all denied all of the material allegations of the complaint, and respondents Nevers, Wolf and McFarland, Jr., in their answer claim that they never made any representations themselves to appellant with regard to said land, and that appellant bought it after inspection, and after an opportunity to examine as to the conditions for himself.

Upon conclusion of appellant's testimony respondents Nevers, Wolf and McFarland, Jr., moved for a nonsuit and for a dismissal of the cause upon the ground, in substance, that appellant had not produced sufficient testimony to warrant the court in submitting the matter to the jury, so far as said respondents were concerned. Respondents Petersen and Boothe made a separate motion for nonsuit upon substantially the same grounds. Both of these motions were sustained by the trial court, and the cause dismissed, and from the action upon said motions, and each of them, the appeal is taken.

The evidence supports the claim of appellant that the pumping plant was represented by Boothe and Petersen to be of sufficient capacity to properly irrigate forty acres of said tract, and the evidence supports the claim of appellant that the said pumping plant could not produce sufficient water to properly irrigate more than from five to ten acres of said forty acres.

The evidence supports the claim of appellant that the representations claimed to have been made with reference to the Post Falls Irrigation Company were made by the agents, Boothe and Petersen, and it supports the claim of appellant that the works provided for the irrigation were not in a good

condition and that the pipes were rotten, and that the Post Falls Irrigation Company was not then a solvent concern.

So far as the motion for a nonsuit made by respondents Nevers, Wolf and McFarland, Jr., is concerned, said parties being the owners of said land, the evidence produced by appellant fails to show that either of said parties ever made any representations to appellant of any existing fact with reference to the condition of the said land, or the pumping plant, or the Post Falls Irrigation Company.

The evidence shows that the said three respondents had listed their said lands for disposal with the respondents Boothe and Petersen, and respondents Boothe and Petersen were real estate brokers located in the city of Coeur d'Alene, Idaho. Appellant, as the court understands it, does not claim that either of these respondents ever made any representations personally to appellant about any of the matters connected with the transaction. The only thing that appellant has shown which would bear upon this question is found in the cross-examination of appellant Dellwo. Appellant Dellwo testified that after he had visited Coeur d'Alene that he and respondents Wolf and Petersen made a trip to Oregon to see his lands, and that while they were riding in the car, going to Oregon, Mr. Petersen was talking about the sixty acres of land in Idaho, and that the conversation was had in the presence of respondent Wolf, one of the owners of the land, and when asked specifically as to what Petersen stated in the presence of Wolf, Mr. Dellwo testified as follows:

"He told me about the big crop of alfalfa that could be raised on the 20 acres on account of having plenty of water to put on it from the Post Falls Irrigation Company's ditch, and about the big crop of apples I could raise off of the 40 acres on account that I could irrigate the trees whenever they would need it from the private pumping plant, and about the big income I would have in a year or so when the orchard got into full bearing, from the fruit and the alfalfa. . . . . We three of us were sitting in seats all together there. . . . . We had one seat that throwed back, you know, and we were sitting in double seats."

Conceding that all of said statements were so made, which must be done for the purposes of this case, the court finds that these were mere expressions of opinion made by a real estate agent, and that they were not statements of any existing fact, and were not such as would bind respondent Wolf for any fraud, if any were shown. It was merely the act of a real estate agent "blowing his own horn" and praising his goods as to their quality, but cannot be said to be a statement of fact such as would constitute a basis for damages for fraud or deceit. And with reference to these three respondents, Nevers, Wolf and McFarland, Jr., the case depends upon whether fraudulent statements made by a real estate agent engaged in the real estate brokerage, with whom land has been listed, where such statements are not shown to have been made with the knowledge or approval of the owners of the lands so listed, can bind the owners of the land for damages, caused by the making of such fraudulent statements, and in an action brought thereon for the recovery of such damages for deceit.

But few authorities have been cited to the court upon this question, and all of these have been cited by respondents.

In the case of *Mayo v. Wahlgreen,* 9 Colo. App. 506, 50 Pac. 40, the supreme court of Colorado states the principle as follows: "There are many cases which hold the principal responsible for the fraud and misrepresentation and acts of the agent when he accepts the fruits of the contract and refuses to surrender. As the cases put it, he may not be permitted to reap the harvest and refuse to pay for the seed. When those decisions are examined, it will be seen there was an attempt on the part of the vendee to rescind the sale, and, the vendor refusing, he was held liable for the representations. In all of them the responsibility of the principal is put upon this basis. Where, however, there is no attempt on the part of the vendee to rescind, but he affirms the sale, he can bring his action for deceit only against the agent who has been guilty of the misrepresentations, unless he is able to trace some connection between the principal and the agent, and thereby charge the former with the responsibility for what

the agent may have said or done. An innocent principal, who has simply authorized an agent to sell property, cannot be charged in an action of deceit for the agent's wrongs, unless in some manner he be connected with them.'' (See, also, *Freyer v. McCord,* 165 Pa. St. 539, 30 Atl. 1024; *Kennedy v. McKay,* 43 N. J. L. 288, 39 Am. Rep. 581.)

In the last-mentioned case the following language is used: ''By bringing his action in its present form the plaintiff has given up all idea of a rescission of the contract of sale, and the consequence is that, according to the doctrine of the cases cited, he must connect this last-named defendant [the principal] with the fraud by which the sale was effected, if he would obtain a judgment against him. But in this he has altogether failed.''    •

In the case of *White v. State,* 68 N. J. L. 123, 52 Atl. 216, the court clearly holds that an action in tort for deceit will not lie against the principal for the deceit of an agent not known to his principal. Under such circumstances the action for deceit can be maintained against the agent alone.

The court believes that these cases properly state the rule of law which should be applied and that the action of the trial court in sustaining the motion for nonsuit made by respondents Nevers, Wolf and McFarland, Jr., should be affirmed.

With reference to the motion made concerning respondents, Boothe and Petersen, the court finds that the trial court was in error and should have overruled such motion. It must be remembered that upon motion for nonsuit, all the evidence introduced must be given such consideration that, if it upholds or tends to uphold the plaintiff's complaint, the matter should be submitted to the jury.

Under the evidence in this case, the court finds the evidence, so far as it affects respondents Boothe and Petersen, sufficient to make a *prima facie* case to go to the jury, to be decided in accordance with the rules of law given it by the court; and that the sustaining of the motion for nonsuit, made by respondents Boothe and Petersen, was in error.

The decision of the trial court is affirmed so far as its ruling upon the motion for a nonsuit made by respondents

Nevers, Wolf and McFarland, Jr., is concerned, and the decision is reversed so far as the action taken by the trial court upon the motion for nonsuit made by respondents Boothe and Petersen is concerned. Costs are awarded to appellant against respondents Boothe and Petersen.

Morgan, C. J., concurs.

RICE, J., Concurring.—I concur in the conclusion reached. Even if the representations made by Petersen in the presence of Wolf, as quoted in the principal opinion, might support an inference that the private pumping plant was adequate for the purpose of irrigating the forty acres, still I think it is insufficient as a basis of action for fraud against the principals Wolf, Nevers and McFarland, Jr. As to them there is an absence of proof of scienter. (*Parker v. Herron,* 30 Ida. 327, 164 Pac. 1013; *Johnson v. Holderman,* 30 Ida. 691, 167 Pac. 1030.) In addition to this consideration, the evidence is totally insufficient to furnish the jury with any basis for estimating damages against these principals under any recognized rule as to the measure of damages in actions of this kind.