(December 28, 1921.)

## NICHOLAS DELLWO, Appellant, v. JOSUA PETERSEN and JOHN W. BOOTHE, Respondents.

[203 Pac. 472.]

PRACTICE—RENEWAL MOTION—RES ADJUDICATA—JUDICIAL DISCRETION —VACATION OF JUDGMENT—APPLICATION OF STATUTE.

1. A renewal motion, since it involves a question of practice, may be filed with the permission of the court, and the decision of the court upon the first motion does not necessarily make the matter *res adjudicata.*

2. Where a motion is made to vacate a judgment, which motion is denied by the trial court, and thereafter a new motion for the same relief is made upon substantially the same state of facts presented in the previous motion, it is discretionary with the court to refuse to entertain the second motion, and in the absence of a clear abuse of such discretion, such action by the trial court will not be disturbed on appeal.

3. The object and purpose of C. S., sec. 6726, is to further the administration of justice, in order that the rights of the parties upon the merits may be determined, and to that end to grant relief from excusable neglect in cases where diligence is shown in applying promptly for the relief sought, provided the opposing party be not deprived thereby of any advantage to which he may properly be entitled.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Judgment of dismissal for failure to furnish security for costs. *Reversed.*

Robert D. Leeper, for Appellant.

As a general rule, if there is any reasonable doubt in the matter, it will be resolved in favor of the granting of the application to set aside the judgment and allowing the trial upon the merits of the case. (*Humphreys v. Idaho Gold Mines etc. Co.*, 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817.)

A refusal to set aside a judgment on meritorious defense shown on a proper equitable ground may amount to an abuse of discretion. (15 R. C. L. 720; *Hanthorn v. Oliver*, 32 Or. 57, 67 Am. St. 518, 51 Pac. 440; *Douglas v. Badger State Mine*, 41 Wash. 266, 83 Pac. 178, 4 L. R. A., N. S., 196; *Council Imp. Co. v. Draper*, 16 Ida. 541, 102 Pac. 7; *Tidwell v. Witherspoon*, 18 Fla. 282; *Leaming v. McMillan*, 59 Ark.

Publisher's Note.

3. The question as to whether neglect of counsel is to be imputed to party, under statute providing for relief from judgment taken by mistake, inadvertence, surprise or excusable mistake, is discussed in notes in Ann. Cas. 1913D, 498; 27 L. R. A., N. S., 858.

162, 43 Am. St. 26, 26 S. W. 820; *Burns v. Scooffy,* 98 Cal. 271, 33 Pac. 86.)

"Where no substantial prejudice appears to have arisen from the delay, a court should open the default and bring the case to trial." (*Citizens' Nat. Bank v. Branden,* 19 N. D. 489, 126 N. W. 102, 27 L. R. A., N. S., 858.)

An order denying a motion does not necessarily make the matter *res adjudicata,* and the said matter may be renewed by subsequent motion, which motion may be acted upon by the trial judge in his discretion; the hearing of it by him is sufficient to constitute permission, and it is not necessary to get formal permission to file and present the renewed motion. (*Clopton v. Clopton,* 10 N. D. 569, 88 Am. St. 749, 88 N. W. 562; *Fiske v. Hicks,* 29 S. D. 399, Ann. Cas. 1914D, 971, 137 N. W. 424.)

Potts & Wernette, for Respondents.

An application to set aside a default is addressed to the sound, legal discretion of the trial court, and unless it is made to appear that such discretion has been abused, the order made will not be disturbed on appeal. *Nuestel v. Spokane Intl. Ry. Co.,* 27 Ida. 367, 149 Pac. 462; *Vollmer-Clearwater Co. v. Grunewald,* 21 Ida. 777, 124 Pac. 278; *Hamilton v. Hamilton,* 21 Ida. 672, 123 Pac. 630; *Humphreys v. Idaho Gold Mines Dev. Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Kissler v. Budge,* 24 Ida. 246, 133 Pac. 125.)

"A motion once denied on the merits cannot be reviewed on the same state of facts without leave of the court." (28 Cyc. 18; *Stacy v. Stephen,* 78 Minn. 480, 81 N. W. 391; *Riggs v. Pursell,* 74 N. Y. 370; *Adams v. Lockwood,* 30 Kan. 373, 2 Pac. 626; Freeman on Judgments, par. 326; *Ford v. Doyle,* 44 Cal. 635.)

Defaults due to carelessness and negligence of an attorney will not be vacated. (*Nelson v. McGoldrick Lumber Co.,* 30

Ida. 451, 165 Pac. 1125; *Valley State Bank v. Post Falls etc. Co.*, 29 Ida. 587, 161 Pac. 242; *Domer v. Stone*, 27 Ida. 279, 149 Pac. 505.)

BUDGE, J.—This is an action for damages on account of alleged fraud and deceit in making an exchange of lands.

Appellant instituted this action in the district court on August 18, 1916, against these respondents and three others. The trial resulted in a judgment of nonsuit against appellant on March 30, 1917, which judgment was reversed on appeal to this court, on March 25, 1919, as to these respondents, and the cause was remanded for trial. (*Dellwo v. Petersen*, 32 Ida. 172, 180 Pac. 167.) In the meantime, appellant moved to Montana, and on September 9, 1919, respondents' counsel served upon Robert D. Leeper, Esq., one of appellant's attorneys, a notice to furnish security for costs, as provided by C. S., sec. 7221. On October 13, 1919, proof being submitted by affidavit of the clerk of the district court that no undertaking for costs had been filed by appellant, the action was, on motion, dismissed and judgment of dismissal entered. On October 14, 1919, appellant moved to set aside the judgment of dismissal under the provisions of C. S., sec. 6726, which motion was supported by an affidavit by Leeper, wherein he alleges that he received a proper cost bond from appellant on October 2, 1919, but that he did not file the same within the time limited by C. S., sec. 7222, due to the serious illness of all the members of his family, by reason of which he was unable to attend to business for approximately one month, and that the failure to file the cost bond within the time was due to his excusable neglect; together with an affidavit by Dr. John T. Woods, corroborating Leeper's affidavit as to the illness of his family, and an affidavit by L. G. Nash, one of appellant's attorneys, residing at Spokane, Washington, alleging that the cost bond was in Leeper's hands prior to the expiration of the time for filing the same, but that he (Nash)

had no notice of the demand for the cost bond prior to the dismissal of the action.

In opposition to the motion, affidavits were filed by C. H. Potts, Esq., one of respondents' attorneys, and by J. W. Booth, the latter stating in his affidavit that he frequently saw attorney Leeper on the streets of Coeur d'Alene between September 9 and October 13, 1919, and that he delivered an address before the Chamber of Commerce of Coeur d'Alene at noon, October 13th. None of the facts alleged in the affidavits of Potts or Booth were denied upon the hearing, and on November 11, 1919, the court denied the motion to set aside the judgment of dismissal.

On December 11, 1919, appellant made what is designated as a renewed motion to vacate the judgment, supported by the affidavits of Nicholas Dellwo, George F. Weeks, Robert H. Elder, Gladys Gager and Robert D. Leeper, with which the undertaking for costs was for the first time presented.

Respondents objected to the consideration of this motion, and moved to strike it from the files, first, for the reason that it was filed without leave of court, and, second, that it contained no new matter not heard or considered on the original motion, or any facts which had arisen since the filing thereof.

The motion to strike was granted. This appeal is from the judgment of dismissal, from the order denying the motion to vacate the judgment, and from the order striking the renewed motion from the files.

We will first dispose of the action of the court in striking the renewed motion from the files. A renewal motion may be filed with the permission of the court. It involves a question of practice, and the decision of the first motion is not necessarily *res adjudicata.* As was held in *Belmont v. Erie Ry. Co.,* 52 Barb. (N. Y.) 637: "It is well settled that whatever can be done upon motion to the court may, by the court, upon further motion by either party, be altered, modified or wholly undone."

The rule followed in many jurisdictions is that a new motion for the same relief is a matter of right, and may be made without leave of court, when the motion is made upon a new state of facts, but when made upon the same state of facts as presented upon a previous motion, that the hearing of such new motion is discretionary with the court and leave must be obtained to hear the same. While in other jurisdictions it is held that it is within the sound discretion of the court to hear a second motion not upon the same state of facts, and before such second motion may be heard, leave of court must be obtained.

The affidavits filed in support of the renewed motion are in the nature of rebuttal to the affidavits filed in opposition to the granting of the first motion. There is no showing that at the time of the hearing of the first motion appellant was not in possession of all of the facts set out in these affidavits, and no excuse is offered for failure to present them in support of the first motion. The second motion was filed without leave of court, and it was within the sound discretion of the trial court to refuse to entertain it. In the absence of a clear abuse of such discretion, we are not inclined to reverse the action of the court in sustaining the motion to strike the renewed motion from the files.

As was said in *Adams v. Lockwood*, 30 Kan. 373, 2 Pac. 626: "After a motion has been heard and overruled, the moving party has no right to file a second motion for the same relief, upon grounds existing at the time the prior motion was made and decided. It can only be done upon leave of the court, which should rarely be granted."

The rule is stated in *Ford v. Doyle*, 44 Cal. 635, as follows: "The doctrine of *res adjudicata*, in its strict sense, does not apply to such motions made in the course of practice, and the court may, upon a proper showing, allow a renewal of a motion of this kind once decided. But this leave will rarely be given upon the ground that the moving party can produce additional evidence in support of his

motion, unless it also appears that a new state of facts has arisen since the former hearing, or that the then existing facts were not presented, by reason of the surprise or excusable neglect of the moving party."

See to the same effect, *Reed v. Allison,* 54 Cal. 489, and *Bowers v. Cherokee Bob,* 46 Cal. 279.

The original motion to vacate the judgment was supported by affidavits from which it appears that attorney Leeper's father was dangerously ill at the latter's home with pneumonia; that his sister was in a very critical condition, suffering from typhoid fever and was in one of the hospitals at Coeur d'Alene; that his grandmother was in a helpless and dying condition on October 5th and died on October 9th; that Mr. Leeper spent practically all of his time at his father's home or at the hospital, caring for the afflicted members of his family; that by reason thereof he did not attend to the business coming to his office from about September 21, 1919, until the November following; that the bond for costs was furnished him in ample time by appellant, but that due to the facts hereinabove recited, he neglected to file it.

Was this neglect such excusable neglect as would warrant the court in vacating the judgment of dismissal, and was the action of the court in refusing so to do an abuse of its discretion, within the provisions of C. S., sec. 6726, which provides that: " .... The court may .... in its discretion, after notice to the adverse party .... relieve a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect?"

An application to set aside and vacate a judgment is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused, the order will not be disturbed upon appeal. (*Culver v. Mt. Home Elec. Co.,* 17 Ida. 669, 107 Pac. 65; *Council Improvement Co. v. Draper,* 16 Ida. 541, 102 Pac. 7; *Humphreys v. Idaho*

*Gold Mines etc. Co.,* 21 Ida. 126, at 135, 120 Pac. 823, 40 L. R. A., N. S., 817.)

In the case of *Citizens' Nat. Bank v. Branden,* 19 N. D. 489, 126 N. W. 102, 27 L. R. A., N. S., 858, in the course of the opinion, it is said:

" 'That the statutes (such as our C. S., sec. 6726) are remedial in character, intended to furnish a simple, speedy and efficient means of relief in a most worthy class of cases; that the ''discretion'' referred to is not a mental discretion to be exercised *ex gratia,* but is a legal discretion, to be exercised in conformity to law.' . . . . Or. in other words, it is a 'legal discretion' which, as declared by. Chief Justice Marshall, is to be exercised in discerning the course and spirit of the law, which, when discerned, it is the duty of the courts to follow. 'It is to be exercised, not to give effect to the will of the judge, but to that of the law.' . . . .

"Pursuant to this construction, an appellate court will first examine a case for the purpose of determining whether or not under the facts shown the discretion vested in the district court has been arbitrarily or oppressively exercised; or, in other words, whether or not its order evinces an abuse of discretion. Unless such abuse of discretion appears, the order, if it opens and vacates a judgment entered by default for the purpose of permitting a meritorious defense, will not, as a rule, be disturbed. In a case such as this, however, where the court has refused to open up a default and permit a defense upon the merits, even though the discretion of the trial court does not seem to have been exercised intemperately, arbitrarily, or in a manner palpably erroneous, the reviewing court will extend its inquiry further, and determine whether or not upon the facts shown, in the interests of justice and right under the liberal construction which the spirit of the statute seems to commend, it should disturb an order which has the effect of preventing a determination upon the merits. 'Courts almost universally favor a trial on the merits; and, when there has been a reasonable excuse shown for the default, there should be no

objection to such a trial to those who are reasonably diligent.' "

In *Tidwell v. Witherspoon,* 18 Fla. 282, it is held that: "The neglect of an attorney to prepare and file a plea, caused by his being summoned to a distant place on account of the serious illness of his wife, even though he might have made arrangements with another attorney to prepare it, or might have notified his client, yet did not do so because of his anxiety for his family, is not such neglect as should operate to the prejudice of his client."

See, also, *Leaming v. McMillan,* 59 Ark. 162, 43 Am. St. 26, 26 S. W. 820.

In *Watson v. San Francisco & Humboldt Bay R. R. Co.,* 41 Cal. 17, the court lays down the following rule: "Applications of this character are addressed to the discretion—the legal discretion—of the court in which the default has occurred, and should be disposed of by it as substantial justice may seem to require. Each case must be determined upon its own peculiar facts, for perhaps no two cases will be found to present the same circumstances for consideration. As a general rule . . . . where application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the court ought to incline to relieve. The exercise of the mere discretion of the court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case; and when the circumstances are such as to lead the court to hesitate upon the motion to open the default, it is better, as a general rule, that the doubt should be resolved in favor of the application."

In *Collier v. Fitzpatrick,* 22 Mont. 553, 57 Pac. 181, the court said: "The design and purpose of the statute is to further the administration of justice so that the very right upon the merits may be determined, and to that end to grant relief from excusable neglect in cases where diligence

is shown in applying promptly for the relief sought, provided the opposite party be not deprived of any advantage to which he may properly be entitled. The defendant should have been afforded upon terms the right of trial.''

There was no neglect or failure upon the part of appellant to comply with the order of the court. The order and judgment dismissing the action were entered on October 13, 1919, and on the following day, as soon as Leeper heard of the entry of the judgment, he filed his motion to set aside the same. It cannot be successfully contended that Leeper did not act promptly in moving to vacate the judgment, and since the court was in a position to require the immediate filing of the cost bond as a condition precedent to setting aside the judgment of dismissal, no harm could result to respondents. Leeper's showing was of such a serious nature as to entitle it to careful consideration, and would seem to be sufficient to create a reasonable doubt which should be resolved in favor of a trial of the case upon its merits.

This case is distinguishable from the case of *Armstrong v. Hartford Fire Ins. Co.*, 33 Ida. 303, 195 Pac. 301. In that case it did not appear that the failure to file the redrafted answer was due to the illness of affiant's wife, or that had he received the redrafted answer that the condition of his wife was such that he could not have filed the same within the ten days extension granted, and the redrafted answer never was served or filed. The showing was wholly insufficient to justify the court in setting aside the default judgment. While in the present case the failure to file the cost bond was clearly due to the state of mind of Attorney Leeper, occasioned by the serious illness of members of his family during the time within which the cost bond was to have been filed, and under the authorities cited this case is clearly within the spirit and purview of the provisions of C. S., sec. 6726.

The order denying appellant's motion to set aside the judgment of dismissal should be reversed, and the judg-

ment of dismissal vacated and set aside. It is so ordered. Costs are awarded to appellant.

Rice, C. J., and McCarthy and Lee, JJ., and McNaughton, District Judge, concur.

Dunn, J., being disqualified, did not sit at the hearing nor participate in this opinion.