## JONAS v. SWETLAND CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 8554. Decided Dec. 19, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**703. LANDLORD AND TENANT**—Building company has right to sell light, power and heat to tenants. Price tenants pay is matter of contract between them and company. Such contracts not ultra vires or against public policy.

Appeal from Common Pleas.

Injunction dissolved.

Stanley & Horwitz, Cleveland, for Jonas.

Thompson, Hine & Flory, Cleveland, for Swetland Co.

FULL TEXT.

VICKERY, J.

This cause comes into this court on appeal from the Common Pleas Court of Cuyahoga County.

In the court below an injunction suit was brought by Jonas against The Swetland Company, to prevent it from collecting a light bill that had accrued against him on the basis that it was seeking to collect. The case was tried upon the transcript of the evidence that was introduced in the court below and upon the argument of counsel.

The contention in the court below and in this court was that The Swetland Company, not being a public utility corporation, could not sell light and power to its customers, and that as a matter of fact it bought its current from the Illuminating Company as a basis of about $115 or $120 a month and charged its customers, and particularly the plaintiff around $300 a month, and that it was charging for the service furnished by the Utility Company, and that that was ultra vires and without authority of The Swetland Company to do and therefore, its charge was illegal and it should be enjoined from collecting this bill.

We cannot agree with counsel. It surely cannot be possible that a Utility Company furnishing light, power, and heat must make a separate contract with every tenant in a big office building. A thing of that sort would lead to such confusion and trouble that surely would warrant the Utility Company in making a contract with the owners of the building at a wholesale price, who in turn may retail it out to the various customers and tenants. Whether or not the price which they get is a proper price is not for the court to say. We do not think that the Building Company is prohibited from furnishing light, power, and heat to its tenants. On the contrary, we think that it might be their duty to do so. The record in this case shows that contracts had been entered into between The Swetland Company and Jonas, whereby he agreed to pay at a certain rate for the lights he used, and it appears that a concession had been made by the Utility Company to the Swetland Company, and that concession not having been passed along to the tenants, the tenant sought to prevent a collection at all.

We think in this case that The Swetland Company has a right to sell light, power and heat to its tenants, and that it is a matter of contract between the tenant and the owners of the building as to the price they pay for it; that it is not ultra vires, and it is not against public policy that such a contract should be made.

We think, therefore, that a decree should be entered in favor of the defendants and that the injunction that was heretofore granted be dissolved. O. S. J.

(Sullivan, PJ. and Levine, J., concur.)