language employed in the opinion, as is always the case, that what is said therein is to be interpreted in the light of the fact in that particular case.

It is a well-recognized principle of law that the mere circumstances of the presence of the owner in his automobile which is driven by another does not ipso facto make the driver the agent of the owner of the car. Such a fact however, is one that should be considered in determining the question of agency.

Leeb v Bahnmaier, 109 Kans., 599; 176 Pac., 326; 2 A.L.R., 833;

Rodgers v Saxton, 305 Pa., 479; 158 Atl., 166; 80 A.L.R., 280.

There are interesting and instructive annotations to be found in 2 A.L.R., 386 and 80 A.L.R., 285.

It is manifest that situations may arise in which the owner is riding in his own car while it is driven by another who is not his agent. A notable instance of this character is one in which the owner has entrusted the car to another as a bailee under an express or implied contract of bailment.

In the instant case different minds might reach different conclusions as to whether the automobile driven by Mr. Rouse was being operated by him under the direction and control of his wife or under his own. It was a disputed question of fact under the evidence adduced whether or not Mrs. Rouse was in law the owner of the car and whether or not it had been given by her to her husband. A determination of the question whether or not there had been a gift from wife to husband, the alleged gift having been made, if at all, by word of mouth, would depend upon the conversation which was the basis thereof. The statement of either to the effect that a gift had taken place would be a mere conclusion of law.

This court holds that there was some evidence in the record tending to show agency between husband and wife at the time in question in the operation of the car and the court therefore erred in charging the jury as a matter of law that such agency did not exist.

For the error in charging the jury as specified, the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.

LLOYD and RICHARDS, JJ, concur.

## TAYLOR et v WILSON

Ohio Appeals, 5th Dist, Stark Co

No 1257. Decided Oct 13, 1932

Oscar M. Abt, Canton, for plaintiffs in error.

Paul G. Weber, Canton, for defendant in error.

LEMERT, J.

The petition in error sets forth many grounds of claimed error, but the three principal grounds stressed in argument and brief of plaintiffs in error are: First, that under the evidence in this case the court should have sustained the motion of defendants made at the conclusion of plaintiff's case and renewed at the conclusion of the entire case. Second, that the court erred in refusing defendant's Request No. 3 before argument. Third, that the court erred in its charge to the jury.

We deem it unnecessary for a proper determination of this case to quote at length the testimony produced in the court below. The principal question at issue in the lower court was an issue of fact: namely, was there a good cesspool, such as alleged and described in plaintiff's petition, and, second, were the defendants bound by their agents' representations about the same?

The question of whether there was a good cesspool or a good drainage system on the premises conveyed at the time of sale was a question of fact for the jury and the jury must have found that there was not. An examination of the record clearly shows that the cesspool or drainage was faulty.

We note that the premises in question were located in a suburban section which had no public sewer. It would therefore follow that whatever sewage system the premises did have was solely within the personal knowledge of the defendants and it was physically impossible for plaintiff below to ascertain same by personal observation. Hence, she was obliged to make inquiry. She was on the premises and in the home of the defendants below with defendants' agents and it was from defendants' agents that plaintiff was informed as to the kind and character of sewage the property had.

We are of the opinion that the agents of defendants had implied authority to do more than just find a buyer and to make the representations about the cesspool described in the petition. Defendants admit that their agents negotiated the transaction between plaintiff and defendants. In other words, they do not claim that said agents were employed merely to find a buyer or to bring the parties together.

For a proper determination of the first claimed ground of error, we believe that the true test is, To what extent, in fact, has the principal permitted the agent to hold himself out as such, and what would a prudent person in good faith, under the circumstances, reasonably believe such authority to be?

In the **1st Ohio Jur.**, 677:
"The rule in civil cases holds the prin-

cipal, as to third persons, liable for the acts of his agent done within the general scope of his authority, irrespective of actual instructions that were unknown to the person dealing with the agent. In such case, as between the principal and a third person dealing with the agent on the faith of his apparent authority, the law conclusively presumes the actual authority, of the agent to be what it openly appears to be; while, as between the principal and agent, the extent of the actual authority may be shown.

The general rule is, that as to third persons the principal is liable for the acts of his agent done within the general scope of his authority, and that such authority may be general, though limited to a particular business.

The extent of the agent's authority may be shown by the terms of the appointment, if they are explicit, or it may be shown by a course of dealing by which the agent is held out as having an authority which would include the act in question.

False and fraudulent representations by an agent may affect the principal because he has expressly or impliedly authorized representations to be made by the agent and the latter made false and fraudulent ones."

So that after all, the question of whether the agent acted within the scope (implied or apparent) of his employment, is to be gathered from all the facts and circumstances in evidence and is a question of fact for the jury.

It has been held that a vendor of real estate, seeking to enforce contract made by his agent, held bound by representations to purchaser made by his agent, though not himself having knowledge thereof. **29 Oh Ap 44.**

We find in Thompson on Real Property, Vol. 5, §4304:

"Where, in the sale of real estate, certain facts are accessible to the vendor only, and he knows that such facts can not, by reasonable diligence, observation and judgment, exercised by the vendee, be ascertained, the vendor is bound to disclose the facts."

As a general proposition a principal is not responsible for the deceit practiced by his agent, unless there is something in the nature of the engagement, the terms of employment, or the powers conferred broad enough to include a power on the part of the agent to deal with the property in such manner that the principal, in good morals and equity, ought to be bound by what the agent may have said.

With reference to the second claimed ground of error relating to defendants' Request No. 3, we are of the opinion that the trial court was justified in refusing to give the same. We are of the opinion that the request was not applicable to the proven facts in the instant case and was not proper in form. The request as made said, "If you find from the evidence." It should have said, "If you find from the preponderance of the evidence." The facts in the instant case, as a matter of law, do not warrant the finding of a double agency.

It therefore follows that we find no error in the instant case and the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

MONTGOMERY, J, concurs.
SHERICK, PJ, dissents.

### STONE v BRANDY et

Ohio Appeals, 5th Dist, Stark Co

No 1289. Decided Oct 13, 1932

Oscar M. Abt, Canton, for plaintiff in error.

Harry Nusbaum, Canton, for defendants in error.