### OBERLIN (village) v RUFFING

Ohio Appeals, 9th Dist, Lorain Co

No 717.   Decided Jan 21, 1935

C. R. Summers, Oberlin, for plaintiff in error.

Stevens & Stevens, Elyria, and John Von Blum, Oberlin, for defendant in error.

**OPINION**

By FUNK, J.

Counsel for defendant claims that the court below committed error prejudicial to defendant in the following particulars:

1. In overruling the motion of defendant to strike certain allegations from the petition, and that plaintiff make the petition definite and certain as to the particular things plaintiff claimed "defendant did or did not do that was claimed to be negligent."

We have examined the petition in respect to the matters set forth in the motion, and find no prejudicial error in this particular.

2. In excluding certain proffered testimony of Mr. Clancy.

We agree with the trial court that the proffered evidence was not competent, and hold that it was properly rejected.

3. In charging on the subject of permanent injury—it being contended that there was no direct evidence that the plaintiff suffered any permanent injury; and

4. In charging the duty of the defendant to keep its streets open, in repair and free from nuisance by quoting §3714, GC.

Considering the record as a whole, we find no error prejudicial to defendant in what the court said on either permanent injury or the duty of the defendant under said §3714 GC. In fact, most of what the court said on those subjects was beneficial rather than prejudicial to defendant.

5. In using the following language, as found on page 130 of the record, to-wit, "but if you find it (meaning the defendant) was so negligent," because the language omits the words "from a preponderance of the evidence" after the word "find." Counsel cites Taylor v Wilson, 44 Oh Ap 100, (13 Abs 432), in support of his contention.

A reading of that case discloses that it has no application to the instant case. In that case the court was merely saying that a particular request to charge before argument was not in proper form when it omitted the words "from the preponderance," and that for this and other reasons the trial court was justified in refusing to give such special request before argument.

The language complained of in the instant case, when considered with the charge as a whole, was certainly not prejudicial to defendant.

6. It is contended that the verdict is excessive.

Where the trial court has ordered a remittitur, which has been accepted, and there is no evidence that the verdict was the result of passion or prejudice, except the amount of the verdict itself, reviewing courts should not and will not reverse a verdict as being excessive, unless the amount is so large and so out of proportion to the injuries inflicted as to shock all sense of proportion.

Cleveland Ry. Co. v Burianek, 11 Oh Ap 168.

Under the record in the instant case, and the recognized rule governing reviewing courts, we cannot say that the judgment is so excessive as to require a reversal by this court.

7. Counsel for defendant claims the verdict is manifestly against the weight of the evidence on the questions of the negligence of the defendant and the contributory negligence of the plaintiff. Said counsel bases his contention mostly on the fact that the testimony of the plaintiff is somewhat in conflict with the testimony of the three employees of the defendant who were engaged in taking down the tree at the time of the accident.

While there is some conflict as to just what was done and said by plaintiff and said employees, and to whom some of the conversation was directed, all agree that

the employee on the sidewalk said "all right" or "go ahead" or "go on, it is all right," or something like it.

Plaintiff further says that the man on the sidewalk told him to go ahead three times, and that the man in the tree told him to go once before he went. The employee on the sidewalk said he was talking to the man in the tree to go ahead and finish sawing off the limb and denies that he told plaintiff at any time to go ahead. The employee in the tree denied that he said anything at that time.

It seems apparent from the record that plaintiff thought the man on the sidewalk was telling him to go ahead when he was in reality talking to the man in the tree who was sawing off the limb, and that plaintiff must have misunderstood him; at least a finding of the jury to that effect is not manifestly against the weight of the evidence.

It must be remembered that, when a case has been fairly tried and submitted to a jury on a question of fact, the verdict of such jury—who saw and heard the witnesses testify and observed their manner and demeanor upon the stand, and which verdict has been approved by the trial court, who had the same opportunity of observing the witnesses—should not be reversed by a reviewing court on the weight of the evidence unless the verdict is so clearly unsupported by the evidence as to indicate some misapprehension, mistake, bias, passion, prejudice or willful disregard of duty upon the part of the jury, and that a mere difference of opinion on the part of the reviewing court with that of the jury is not sufficient to authorize the court to reverse a verdict as being against the weight of the evidence.

17 Abs 481, Sinatra v State.

The foregoing rule has been stated and followed in many other cases, both reported and unreported, by this court and other reviewing courts in Ohio.

Moreover, the court always instructs the jury that the number of witnesses produced by either side does not necessarily control upon the weight of the evidence. Hence, under the conflict there is in the evidence in the instant case, this court cannot say that the judgment is against the manifest weight of the evidence.

Finding no error prejudicial to the rights of defendant, the judgment will be affirmed.

WASHBURN, PJ, and STEVENS, J, concur in judgment.