KALIS, APPELLEE, *v.* HENLEIN BROTHERS CO., LTD., APPELLANT.

(No. 7571—Decided June 9, 1952.)

*Mr. George Bailes,* for appellee.
*Mr. Mark M. Reynolds,* for appellant.

*Per Curiam.* Defendant's agent solicited the plaintiff for an order for a shirt, representing himself to be a salesman for defendant, a manufacturer of shirts.

Plaintiff gave color, style and measurements in ordering a shirt from the agent.

Upon request of the agent, plaintiff without inquiry of any kind paid to the agent the purchase price of $16 and the agent tendered a receipt therefor, upon the face of which the agent's authority to collect was limited to 25 per cent of the purchase price.

The Municipal Court, without a jury, allowed recovery of the full purchase price from defendant, who had offered to confess judgment for $4, or 25 per cent of the purchase price. That is the judgment appealed from.

In 1 Ohio Jurisprudence, 698, Section 45, it is stated:

"The general rule is that one authorized to sell or find a market for commodities has no implied authority to collect or receive payment therefor * * *."

In 2 American Jurisprudence, 102, Section 126, it is stated:

"It is established by the great weight of authority that an agent other than a factor or auctioneer, authorized to sell or find a market for commodities, has, merely by virtue of such authority, no implied authority to receive or collect payment therefor. The

purchaser, in paying the price to such agent, does so at his peril in the absence of other circumstances indicative of authority to collect or receive payment, and it devolves upon him, in a suit by the principal for the purchase money, to prove that the agent was authorized to receive the payment.''

And, at page 103:

''The rule negativing the implied authority of a mere sales agent to receive payment of the price has been applied in the case of brokers and traveling salesmen or drummers. As to the latter, the general rule is that the mere fact that an order was taken by a traveling salesman or drummer does not of itself confer implied or ostensible authority subsequently to receive payment; this is especially true where the authority of such salesman is merely to solicit orders to be transmitted to his principal for acceptance.''

It was held in *Taylor* v. *Wilson,* 44 Ohio App., 100, 183 N. E., 541, in the fifth paragraph of the syllabus:

''Generally, principal is not responsible for agent's deceit, unless agent was authorized to deal with property in such manner that principal should be bound in good morals and equity by agent's statements.''

There is no evidence in the record of plaintiff, upon whom rested the duty to ascertain the extent of the salesman's authority, making any effort so to do.

We, therefore, find that no substantial evidence to sustain the judgment appears of record, and the same is reversed, and the cause remanded to the Municipal Court of Cincinnati, with instructions to enter judgment for plaintiff in the amount of $4, which was offered by the defendant, and assess against the plaintiff the costs of this appeal.

*Judgment reversed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.