**ONYX ENVIRONMENTAL SERVICES, LLC,**
Plaintiff

v.

**Bruce MAISON, et al., Defendant**

**No. 3:04 CV 7093.**

United States District Court,
N.D. Ohio,
Western Division.

July 16, 2004.

Thomas W. Heintschel, Frederickson, Heintschel & King, Toledo, OH, for Onyx Environmental Services, LLC, Plaintiff.

Cynthia W. Tesznar, Barkan & Robon, Gregory R. Elder, Barkan & Robon, Maumee, OH, for Bruce Maison, defendant.

Stephen A. Rothschild, Thomas P. Dillon, Shumaker, Loop & Kendrick, Toledo, OH, for William D. Feniger, defendant.

## ORDER

CARR, District Judge.

This is a suit between a company, Onyx Environmental Services, LLC (Onyx), that needed to have paint waste "processed" and recycled, and two persons, Bruce Maison and William Feniger, who were officers of the company, Environmental Purification Industries Co. (EPI), that was to have done the processing and recycling. Maison represented EPI in its dealings with the plaintiff, and Feniger, according to the complaint, controlled EPI and directed its operations.

The complaint alleges that Maison represented to plaintiff that paint had been processed and would be recycled. The complaint further alleges that EPI neither processed nor recycled the paint waste.

EPI went out of business. Plaintiff paid another company $151,906.16 to process and recycle the paint waste. Plaintiff claims that Maison made fraudulent representations to it in conjunction with its paint waste deliveries to EPI and that Feniger authorized and ratified those representations.

Maison has filed a motion for judgment on the pleadings and Feniger has filed a motion to dismiss. For the reasons that follow, the motions shall be denied. Plaintiff shall, however, be directed to file an amended complaint.

Both defendants claim that this is an action on a contract, and that no remedy in tort is available. Alternatively, they contend that if there was no contract, there could have been no fraudulent inducement to enter into a contract.

Plaintiff contends, in response, that there was no contract; it asserts that is claim is for fraudulent inducement and fraudulent misrepresentation.

█ Though not raised or discussed by the parties, I believe that the circumstances described in the complaint can properly be viewed as alleging that there was a series of implied contracts, with a new implied contract arising each time that Onyx delivered paint waste to EPI. "An implied contract," as the court stated in *Hollis Towing v. Greene*, 155 Ohio App.3d 300, 302, 800 N.E.2d 1178 (2003), "is a contract inferred by a court from the circumstances surrounding the transaction, making a reasonable or necessary assumption that a contract exists between the parties by tacit understanding."

Here, there was no written contract, and, apparently, no single oral contract. Instead, plaintiff would deliver paint waste to EPI for processing and recycling, and EPI would accept those deliveries.

At some point, according to the complaint, defendant Maison falsely told plaintiff that paint (i.e., paint waste that had previously been delivered) had been processed and would be recycled. Thereafter he would make the same statements about what had been and would be done. But none of the paint waste, was, in fact, either processed or recycled.

█ To prevail on a claim of fraud, a plaintiff must prove: 1) a representation; 2) material to the transaction; 3) made falsely, with knowledge of its falsity; 4) with the intent of misleading another into relying upon the false statement; 5) justifiable reliance on the representation; and 6) resulting injury proximately caused by such reliance. *Burr v. Stark Cty. Bd. Of Commrs.*, 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986) (Syllabus ¶ 2). The elements of the tort of fraudulent inducement are essentially the same. *See, e.g., Yo–Can, Inc. v. The Yogurt Exchange, Inc.*, 149 Ohio App.3d 513, 525, 778 N.E.2d 80 (2002).

█ I conclude that the complaint sets forth the elements of a claim of fraud or fraudulent inducement on the part of Maison. Read fairly, the complaint alleges that Maison falsely told plaintiff that prior paint waste had been processed. These statements were material to the parties' dealings, and a jury could find that Maison wanted the plaintiff to rely on them by continuing to deliver paint waste. The continued deliveries show justifiable reliance. The need to have someone else handle the disposition of the paint waste that EPI did not treat shows injury to the plaintiff.

Intent to deceive on Maison's part could be inferred from the complaint's implicit allegation that he repeated his misstatements on more than one occasion, and, in particular, that he continued to state that paint would be recycled after failing to recycle earlier batches of paint waste. While allegations that Maison made mis-

representations about future events (i.e., paint was to be recycled) would not, alone, suffice to support a fraud claim, *Behrend v. State*, 55 Ohio App.2d 135, 141–42, 379 N.E.2d 617 (1977), repeated false statements about future actions would evince an intent to deceive.

■ I conclude that the complaint also states a basis for holding Feniger liable for Maison's false statements. As a general rule, a "a principal is not responsible for the deceit practiced by his agent, unless there is something in the nature of the engagement, the terms of employment, or the powers conferred, broad enough to include a power on the part of the agent to deal with the property in such manner that the principal, in good morals and equity, ought to be bound by what the agent may have said." *Taylor v. Wilson*, 44 Ohio App. 100, 183 N.E. 541 (1932). Liability can be imposed on a principal where the principal " 'has expressly or impliedly authorized representations to be made by the agent and the latter made false and fraudulent ones.' " *Id.* (citing 2 Mechem on Agency (2d ed.) § 1776)).

■ In this case, the plaintiff has alleged on information and belief that "Feniger controlled EPI and directed its operations, including the authorization and ratification of Maison's misrepresentations to Onyx." (Doc. 1, ¶ 9). This suffices, at this stage, to permit the case to proceed against Feniger. Whether plaintiff can prove these conclusory allegations can be determined during the course of discovery.

It is not enough, however, simply to plead the elements of fraud: claims of fraud must, under Fed.R.Civ.P. 9(b), be plead with particularity. To satisfy this requirement, a plaintiff must allege the time, place, and content of the fraud, and must identify the parties who allegedly participated in the fraud. *Michaels Bldg.*

*Co. v. Ameritrust Co.*, 848 F.2d 674, 679 (6th Cir.1988).

The plaintiff has failed to identify the other parties to the conversations in which Maison made his allegedly false statements. Likewise the complaint fails to state when and where Maison allegedly made those statements. Defendants ask that the complaint be dismissed for these omissions.

It appears likely that the plaintiff can fairly easily remedy these omissions. It presumably knows which of its employees spoke with Maison, where the conversations occurred (or how they occurred, if by telephone), and when, at least in terms of the general time frame, they occurred. Rather than granting the motion to dismiss for noncompliance with Rule 9(b), I shall grant leave to the plaintiff to file an amended complaint in accordance with this opinion.

### Conclusion

For the foregoing reasons, I conclude that the plaintiff has plead the elements of a claim of fraud or fraud in the inducement against the defendants. It has not, however, satisfied the heightened pleading requirements of Rule 9(b). It shall be granted leave to undertake to do so.

It is, therefore,

ORDERED THAT:

1. Defendant Maison's motion for judgment on the pleadings, and Feniger's motion to dismiss be, and the same hereby are overruled; and

2. Plaintiff shall file an amended complaint complying with the requirements of Fed.R.Civ.P. 9(b) on or before July 30, 2004.

So ordered.