**HOLLIS TOWING, Appellant,**

v.

**GREENE;  CitiFinancial, Inc., Appellee.**

[Cite as *Hollis Towing v. Greene,* 155 Ohio App.3d 300, 2003-Ohio-5962.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2003 CA 41.

Decided Nov. 7, 2003.

Gary C. Schaengold, for appellant.

Chad D. Cooper, for appellee CitiFinancial, Inc.

WOLFF, Judge.

{¶ 1} Hollis Towing ("Hollis") appeals from a judgment of the Xenia Municipal Court, which entered judgment on the pleadings in favor of CitiFinancial, Inc.

{¶ 2} The facts of the case are undisputed. Indeed, we are confined—as was the trial court—to the facts asserted in the complaint. In December 2001, Braden Greene was involved in a car accident in Sugarcreek Township in Greene County. The Sugarcreek Township Police Department asked Hollis to remove the car from the roadway for public safety reasons. Accordingly, Hollis took the car to its storage facility. The car was determined to be totally demolished, and it had a salvage value of approximately $50 by weight. Greene was the owner, but CitiFinancial had a lien as well as insurance coverage on the vehicle.

{¶ 3} Hollis's normal towing charge was $90, and it charged $12 per day for storage. Greene's car was stored at Hollis's storage facility from December 28, 2001, through September 2002. During that time, Hollis "seasonably" contacted CitiFinancial about the payment of its fees. According to Hollis's complaint, CitiFinancial advised Hollis "that it had placed insurance coverage on the vehicle in the approximate amount of $4,000.00 and that said coverage would be utilized to cover [Hollis's] tow bill and accruing storage fee." However, CitiFinancial failed to apply any of the insurance proceeds it later received to Hollis's charges.

{¶ 4} On September 12, 2002, Hollis filed a complaint seeking to recover $2,970 from CitiFinancial and Greene for towing and accrued storage expenses "upon a theory of implied contract and/or quantum meruit." CitiFinancial filed an answer and a motion for judgment on the pleadings. The trial court granted judgment on the pleadings as to CitiFinancial only. The trial court found that the complaint had demonstrated no obligation on Hollis's part to hold the vehicle for CitiFinancial and that CitiFinancial's offer to pay the charges had been "gratuitous." Thus, the trial court ruled that Hollis had failed to state a claim upon which relief could be granted, and it dismissed the action with respect to CitiFinancial.

{¶ 5} Hollis raises one assignment of error on appeal.

{¶ 6} "The trial court erred in granting judgment on the pleadings in favor of defendant CitiFinancial."

{¶ 7} Hollis contends that it relied to its detriment upon CitiFinancial's representations that it would pay for the towing and storage costs in that it continued to store the car and "deferred taking other legal action" to mitigate its damages. Hollis asserts that it should be able to recover under a theory of

implied contract and/or quantum meruit, and that we recognized such a cause of action in *Gen. Elec. Evendale Emp. Fed. Credit Union v. Coffey's Body Shop & Towing Serv., Inc.* (June 5, 1991), Montgomery App. No. 12430, 1991 WL 97785.

{¶ 8} An implied contract is a contract inferred by a court from the circumstances surrounding the transaction, making a reasonable or necessary assumption that a contract exists between the parties by tacit understanding. *Criner v. Urologic Physicians & Surgeons, Inc.* (Dec. 15, 2000), Greene App. No. 2000–CA–28, 2000 WL 1838281. Quantum meruit is a theory of recovery based on implied contract. See 18 Ohio Jurisprudence 3d, Contracts, Section 276. Here, CitiFinancial is not alleged to have had any interest in possessing the car, and there was no dispute that the car had been totaled. Moreover, CitiFinancial was not the owner of the car but a lienholder. As such, CitiFinancial had no legal obligation to pay for the towing or storage and received no benefit from Hollis's actions. Under the circumstances alleged in the complaint, it was not reasonable or necessary to infer that CitiFinancial was bound to pay the towing and storage charges, notwithstanding its alleged commitment to do so. Put differently, there was no consideration for CitiFinancial's alleged commitment because Hollis did not store or continue to store the car at CitiFinancial's request or for its benefit. In order to recover under the related doctrine of unjust enrichment, a plaintiff must show that he conferred a benefit upon another and that the circumstances render it unjust and inequitable to permit the other to retain the benefit without making payment therefor. *Natl. City Bank v. Fleming* (1981), 2 Ohio App.3d 50, 57, 2 OBR 57, 440 N.E.2d 590. Recovery under a theory of unjust enrichment is designed "not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant." *Hughes v. Oberholtzer* (1954), 162 Ohio St. 330, 335, 55 O.O. 199, 123 N.E.2d 393; *Clements v. Ratliff* (1986), 29 Ohio Misc.2d 49, 50, 29 OBR 497, 505 N.E.2d 666. The storage of the vehicle in this case did not benefit CitiFinancial because it had no interest in reclaiming the vehicle and no legal obligation to do so.

{¶ 9} The lack of a benefit to CitiFinancial also distinguishes the case from *Coffey's Body Shop*, supra, upon which Hollis relies. In *Coffey's Body Shop*, the police requested that a car be towed because its owner had been arrested, but the car had not been damaged. While the car remained in storage, the owner defaulted on the loan. The credit union sought to recover the car, but it did not respond to numerous requests by the towing company that the car be removed and its fees paid. Under these circumstances, the services of the towing company in safely storing the car for several months did provide a benefit to the credit union, which ended up in possession of the car. This benefit also created an issue as to whether there had been an implied contract or whether the credit

union had been unjustly enriched at the towing company's expense. These factors are not present in Hollis's case.

{¶ 10} Finally, we note that Hollis had other remedies at law that it did not pursue. R.C. 4505.101 provides a mechanism by which a repair garage or storage facility may obtain title to a vehicle valued at $2,500 or less if it has been left at the facility for more than 15 days. R.C. 4513.61 provides a means by which a car that has been towed from public property may be sold at auction after proper notice to the owner. Hollis did not avail itself of either of these procedures, which would have significantly reduced the damages it now claims. CitiFinancial is not responsible for this failure. Moreover, we question the reasonableness of charging, and expecting to recover, storage fees in excess of $2,900 on a vehicle that was valued at $50 by Hollis's own estimate.

{¶ 11} The assignment of error is overruled.

{¶ 12} The judgment of the trial court will be affirmed.

Judgment affirmed.

FAIN, P.J., and GLASSER, J., concur.

GEORGE M. GLASSER, J., retired, of the Sixth Appellate District, sitting by assignment.